PHŒNIX INSURANCE COMPANY vs. SHOLES and another.

*Cross-examination—Assent implied from silence—Credibility of evidence to be determined by jury.*

1. Where the defense to an action on a note is, that the plaintiff is not the owner, the payee, who has testified for the defendant that he (witness) had assigned the note to a third person while plaintiff held it for him, may be cross-examined to show his continued interest in the note, and that the assignment was without consideration, for the purpose of affecting his *credit* as a witness. Sec. 50, ch. 137, R. S.

2. Where a banking corporation receives from A. by mail notes payable to A. or order, with his indorsement and a request that the corporation will discount them and apply the proceeds to the payment of A.'s indebtedness to it, or, if not willing to do that, will hold them as collateral security for such indebtedness, if the corporation does not return an answer within a reasonable time, the law implies a contract on its part 'that it received them on the terms proposed by A.

3. Where in such a case the president of the corporation answered, "It is a subject for the action of the directors, and will be submitted to them to-morrow," *it seems* that a subsequent silence of the company should be construed as an acceptance of the proposition.

4. But where the president of such corporation afterwards wrote to A. that the secretary would call and arrange the matter, and the secretary, at such interview, told A. that the company did not want the notes, and never had held them as security, and promised to send them back—but never did so; and A. afterwards assigned them to a third party : *Held*, in an action by the corporation against the makers, that the plaintiff could not recover.

5. An instruction to the jury in this case held to be erroneous, in part upon the ground that it did not leave to them the question of the *credibility* of certain testimony.

APPEAL from the Circuit Court for *Milwaukee* County.
Action on two promissory notes made by defendants March

25, 1859, for $400 and $1,000 respectively, payable to S. M. Booth or order, and alleged to have been indorsed and delivered by Booth to the plaintiff. Defense, that the notes were not the property of the plaintiff, but of one Bacon. The plaintiff put in evidence the notes and indorsement, and rested. S. M. Booth, for defendants, testified that he wrote to the plaintiff about May 10th, 1850, enclosing said notes. On showing notice to plaintiff's attorneys to produce the letter, which they failed to do, defendants were permitted, against plaintiff's objection, to prove the contents of the letter by the witness, who said: "I wrote the plaintiff saying I should be unable to pay the interest due on the 14th of May, 1859, and enclosed the two notes offered in evidence, requesting them, first, to discount them and apply the proceeds to the payment of the interest about to become due ($1,440), or, if they would not do that, that they might hold them as security for such interest." Defendants then put in evidence a letter from the president of the plaintiff company to Mr. Booth, dated Hartford, May 25th, 1859, the material portions of which are as follows: "We have yours of blank date, advising that you could not meet the interest on the loan we made you, which was payable on the 14th current. * * The notes you sent us may be very good, but they mature at periods very remote, and must be long unavailable. * * Allow us to suggest that you had better arrange for the payment of the interest when due—we don't want collaterals to be piling up for interest on our loans. * * I have no power to extend to you any particular favor in this matter. It is a subject for the action of directors, and will be submitted to them to-morrow." Witness further testified that he never received any letter from the plaintiff or its officers apprising him of the action of the board of directors, nor any letter or notice from plaintiff accepting his proposition; that soon after receiving said letter of May 25th, he wrote again to plaintiff, offering to assign to it all leases that might be executed upon the lot in Milwaukee occupied by the "Free Democrat" building—which

lot was already mortgaged to plaintiff to secure the witness' debt; that the president of the company wrote in reply that Mr. Kellogg, the secretary, would be on in a few weeks, and would arrange the matter ; that Kellogg came in October, 1859, and at an interview with him witness called his attention to the notes in question, and Kellogg said they did not want them— never held them as security, and considered the building ample security for the loan—and promised that when he returned he would send witness the notes by mail; but he never returned them to witness, nor did the company. Defendants then put in evidence an assignment of said notes by Booth to Bacon, under date 12th June, 1862, and a notice of such assignment served by Bacon upon plaintiff June 15th, 1862. On the cross-examination of Mr. Booth, the court refused to permit plaintiff to show by him that the assignment to Bacon was merely color-able, and that witness had still an interest in the notes. Plaintiff also introduced certain evidence for the purpose of impeaching the witness, the character of which it is not important to state here.

A motion by plaintiff, made after the impanneling of the jury, and renewed after the evidence was closed, that Bacon be made a party to the action, was denied.

The court gave the jury the instruction recited in the opinion of this court, *infra*, and refused to instruct them, at plaintiff's request, " that an acceptance by plaintiff of Booth's propositions might be inferred from the silence of the plaintiff, from its retaining possession of the notes, and from its forbearance to sue for the installment of interest for which he offered to pledge them as security."

Verdict and judgment for defendants ; and plaintiff appealed.

*Cary & Pratt* for appellant.

*J. V. V. Platto*, for respondent *Sholes*, argued, among other things, that the questions put to the witness Booth to show his interest in the notes, were properly ruled out, 1. Because the plaintiff had not shown himself a creditor and in a situation

to impeach the transfer from Booth to Bacon. 2. It is a well settled rule that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of discrediting him. Greenl. Ev., sec. 449; Starkie on Ev. (4th Am. ed.), 134–5, 145.

DOWNER, J. The court below erred in not requiring the witness Booth to answer the questions put to him to prove that he had an interest in the notes on which the suit was brought, and what that interest was. Section 50, ch. 137, R. S., provides that such interest may be shown for the purpose of affecting the *credit* of the witness. The counsel for the appellant also assigns for error, that the circuit court erred in giving the following instruction: " That as it appeared from the testimony of Booth that he sent the two notes in suit to the plaintiff in a letter with a request that the plaintiff should discount them and apply the proceeds to the payment of certain interest about falling due from him to the plaintiff on the mortgage, or to hold the notes as collateral security to the payment of said interest; and it furthermore appearing, from the testimony of said Booth, that he received, in reply to his communication, the letter dated at Hartford, 25th of May, 1859, and signed by S. L. Loomis, President: that such reply did not operate as an acceptance of Booth's proposition, inasmuch as he was informed that his proposition was to be submitted to the action of the Board of Directors. I am therefore of opinion that after this notification it was incumbent on the plaintiff to signify to Booth its acceptance of the proposition contained in his letter; that after the receipt of Loomis's letter by Booth, silence on the part of the plaintiff would not be a sufficient acquiescence to constitute a contract, and Booth had a right to make such disposition of the notes as he pleased, after a reasonable time had elapsed; and the plaintiff could not recover in this action." If this instruction had been based upon all the testimony bearing upon the point, and the court had instructed the jury that if they

found the testimony true, they should find for the defendants, it would have been correct. For Booth testified that he received a second letter from Loomis, stating that Kellogg, the secretary, would be on in a few weeks and arrange the matter; that Kellogg came, and he called his attention to the notes in question, and Kellogg said they did not want them, and never held them as security, and promised to send them to Booth by mail. If, when the company received the notes by mail from Booth, no answer had been returned within a reasonable time, the law would have implied a contract on its part that it received them on the terms mentioned in Booth's letter enclosing them. There is nothing in Loomis' letter to alter this rule, unless where he says, referring to Booth's proposition and the notes, " It is a subject for the action of directors, and will be submitted to them to-morrow." If Booth had not heard anything further from the company within a reasonable time, it appears to us the rule would be still, that the silence of the company might and should be construed into an acceptance of his proposition.

But although the court erred in giving this instruction, it does not follow that the instruction asked by the plaintiff, that the acceptance of Booth's proposition might be inferred from the silence of the plaintiff, should have been given. That, as well as the instruction given, does not embrace and is not founded upon all the material testimony bearing upon the point, but ignores testimony which, if true, would change the rule, and for that reason was rightly refused.

*By the Court.*—The judgment of the circuit court is reversed, with costs, and a *venire de novo* awarded.