SCHAUBLE and another vs. TIETGEN and another.

*Motion for retaxation of costs — Jurisdiction.*

A motion for a retaxation of costs in an action in the circuit court is in the nature of an *appeal* from the taxing officer *to the court* (*Cord v. Southwell*, 15 Wis., 211, 216) ; and such motion cannot be entertained by the judge at chambers, nor by a court commissioner, or county judge.

APPEAL from the Circuit Court for *Ozaukee* County.

This appeal was taken by the plaintiffs from an order of said court setting aside an order of the county judge of said county reducing the costs taxed by the clerk of the circuit court against the plaintiffs in this action.

*Geo. W. Foster*, for appellant, argued that every direction in writing of a court or judge is either a judgment or an order; that the direction given on review of the clerk's adjustment of

the costs is not a judgment (R. S., ch. 132, secs. 20, 25; Ram on Legal Judgment, 52; 3 Black. Com., 395, 396; 2 Till. & Sh., 581; 7 Wis., 349, 395, 173; 15 id., 211, 522; 16 id., 470); that it must therefore of necessity be an order; that if it is an order, then the proceeding to obtain it is a motion (R. S., ch. 140, sec. 29); that every motion to correct a return, to strike from the files, to set aside a writ issued by the clerk (*Goit v. Dickerman,* 29 Wis., 630), or to correct the action of any ministerial officer of the court, is, in some sense, an appeal to the court for some relief, but is not an appeal in a legal sense of that term, because that implies trial, and is always from a tribunal which exercises *judicial* power; that the clerk acts ministerially in taxing costs, and not judicially (*Jarvis v. Mohr,* 18 Wis., 188); that notice must be given of such an application as of other motions, and if costs are awarded, they are costs of a motion; that it is called a motion (16 Wis., 460; 15 id., 211, 522; 17 id., 20); and that if it is a motion it may be heard by the judge at chambers, or by a county judge. *In re Gill,* 20 Wis., 686.

*Mann & Cotzhausen,* for respondents, argued that the judge of the court before whom the trial was had has no power to tax or adjust general costs at chambers (How. Code, 2d ed., 517, 520; *Van Schaick v. Winne,* 8 How. Pr. R., 5; *Eckerson v. Spoor,* 4 id., 361; *Morrison v. Ide,* id., 304; *Mitchell v. Westervelt,* 6 id., 268; *Nellis v. DeForrest,* id., 413); that the court has, however, as one of its incidental powers, the right to control the legal acts of inferior officers and compel them to perform their legal duties; that in New York a motion at *special term,* in the nature of an *appeal,* is the proper mode of reviewing the clerk's adjustment of the costs (How. Code, 521); that the remedy of a party aggrieved by an erroneous adjustment of costs by the clerk of the county court is by a motion in that *court,* in the nature of an *appeal* (How. Code, 521; *Beattie v. Qua,* 15 Barb., 132; *Cord v. Southwell,* 15 Wis., 216; *Perkins v. Davis,* 16 id., 470; *Dinsmore v. Smith,* 17 id., 24); that the clerk's adjustment of the costs is in the nature of a judicial act (R. S., ch.

133, sec. 82), and an appeal therefrom cannot be to a judge at chambers; and that the costs when taxed enter into and become a part of the judgment, and only the court itself can reverse or modify the judgment. *Cord v. Southwell, supra.*

The following opinion was filed at the June term, 1872

DIXON, C. J.  The only question presented on this appeal is, whether a county judge, acting as a court commissioner and under the powers conferred upon him as such, has authority to entertain a motion in the nature of an appeal from a taxation of costs by the clerk of the circuit court, in in an action commenced and determined in that court, and so to review and retax the costs in such action, and to direct a modification or entry of the judgment in it in accordance with his order.  The county judge of Ozaukee county having entertained such application in behalf of the plaintiffs in this action, and having reduced the costs of the defendants, as taxed and allowed by the clerk against the plaintiffs, the defendants thereupon moved the circuit court to set aside the order for want of jurisdiction in the county judge to make it; and the same was set aside on that ground.  The plaintiffs have brought this appeal from the order of the circuit court.

Counsel for the plaintiffs argues, not without ingenuity and considerable force, that the application for retaxation is a motion, and that the retaxation is an order, within the definitions given by the statute, and hence that the county judge had jurisdiction to receive and to act upon the application, within the very words of the statute.  If it could be ascertained that the application for retaxation had ever been treated or looked upon simply as a motion, or if it could be shown that the hearing had ever taken place before, or the order been made by, a judge at chambers, then indeed the position of counsel would seem to be quite correct.  But just here, as it appears to us, the difficulty arises.  The application never has, so far as we are informed, been regarded simply as a motion in the ordinary course of proceedings, but rather as an appeal from the taxing officer of the court

to the court itself.   We are not aware that it has ever been entertained, considered  and determined merely as an order made upon  motion, much  less as a chamber order so made.   To the end that there may be an appeal, or motion in the nature of one, it is required that the objecting  party should appear before the taxing officer  and there state his objections,  which objections must be made  to appear by  the application and be shown at the hearing, where  those and  those only  which were so taken will be examined and reviewed.   All this is peculiarly characteristic of an appeal, and not of a motion.   Such is the practice laid down by this court in *Cord v. Southwell,* 15 Wis., 211, 216, where it  was  said that the  objecting  party, having done this, " might then be  heard *before the court* as to the  *disputed items,* upon motion for retaxation, *in the nature of an appeal.*"

It follows from this view of the peculiar  nature of the proceeding,  it being a kind  of  appellate power exercised  only by the court itself over its own  taxing officer,  that  the  county judge had no jurisdiction in the premises, and  that  his order was properly set aside for that reason.

And this is in harmony with the general professional idea of the  dignity and  inviolability  of  the  judgment  of  a  court of record, that no one but the court  itself,  not  even the judge at chambers, can modify, change or set it aside.   The costs, when taxed by the clerk, are  inserted  in  and  become a part of  the judgment,  and, as observed  by  counsel  for defendants, oftentimes comprise, as in this case, the whole judgment in  money ; and in such case to allow a county judge or court commissioner to interfere with and  modify, change or set aside the judgment in whole or in part, would seem to be,  as  counsel  also say,  to confer  upon those officers a power not possessed by the circuit judge himself at chambers, or which  he could  exercise at any other time except in term and when sitting as the court.

*By the Court.*— Order affirmed.

A  motion for a rehearing was  denied  at  the  January  term, 1873.