## SUIT and others vs. BONNELL.

EVIDENCE: (1) *Interest of witness as affecting credibility.* (2) *Counter-claim, evidence as to amount of, admissible.*
SALE: (3) *Refusal to accept goods; excuse for not notifying vendor.*

1. On cross examination, questions may be asked of a witness for the purpose of showing that he is *interested in the event of the suit,* with a view to enabling the court or jury to determine the *degree of credit* due to his testimony.
2. Where defendant's evidence tended to show that he had a valid counter-claim (set up in the answer) for certain charges advanced by him, it was error to exclude evidence as to the *amount* of such damages.
3. Where the agreement between defendant and plaintiffs' agent, when the former gave the latter an order for liquors, was, that if the liquors sent were not satisfactory to the defendant, he need not accept them, and in that case he should *retain them until the agent should return* to the defendant's place of business, this would excuse the defendant from *giving notice* to plaintiffs of his refusal to accept such liquors before the return of such agent.

APPEAL from the Circuit Court for *Milwaukee* County. Plaintiffs brought their action to recover the price of certain

Suit and others vs. Bonnell.

whisky alleged to have been sold by them to defendant. The answer alleged that one item of plaintiffs' claim, a barrel of Taylor whisky, was never purchased or ordered by defendant, and that he held it for the plaintiffs, subject to his charges for transportation and storage ; that five barrels of Capitol Bourbon the defendant never ordered or purchased, but that the plaintiffs' traveling agent, Shears, offered to send defendant some Bourbon by sample, which defendant offered to take if equal to the sample shown him, but that the five barrels of Capitol Bourbon sent were not equal to sample, and defendant refused to receive them, but held them subject to plaintiffs' order, subject to his charges for transportation and storage. The answer alleged a tender as to the amount of the remaining items of plaintiffs' demand, and concluded with a counterclaim of one hundred dollars for freight, transportation, charges and damages. Upon the trial, the deposition of *Jordon Giles*, one of the plaintiffs, was read, who testified to the shipment of the whisky ; that it was sold through Shears, the agent of plaintiffs ; that they never authorized sales sold by sample, and that as to the five barrels of Capitol Bourbon and one barrel of Taylor whisky, sold March 20th and 30th respectively, plaintiffs never heard that they were unsatisfactory until some time in July ; that their course of business was to sell all goods on guaranty of satisfaction, and if unsatisfactory they were to be returned at plaintiffs' expense both ways, within one month of date of shipment.

Shears, the agent of plaintiffs, testified that he sold the five barrels of Capitol Bourbon and one barrel of Taylor whisky to defendant, and that he told defendant he might return them if not satisfactory. On cross examination witness was asked whether he had received a commission on the goods ordered for defendant ; also, in case the sale should not be confirmed and plaintiffs should not get judgment, whether he, witness, would receive any compensation for the sale ; to both which questions plaintiffs objected, and the objection was sustained by the court.

The defendant, *Bonnell*, testified that he ordered the Capitol Bourbon of Shears; that on giving the order he showed Shears a sample of whisky in his store, and Shears guarantied that the whisky sent should be equal to this sample; that he told Shears he would take the whisky only on condition of its being equal to the sample, and if not equal, plaintiffs should take it back and pay all charges; that the agreement was, in case it should not be satisfactory, it should remain at defendant's store until Shears came around again, when he would arrange it. When the whisky came, defendant tested it, and found it not equal to the sample shown Shears. Witness did not know how much he had paid for transportation, nor what his charges for storage were, but thought he had paid $15 to $20 freight, which evidence was objected to, and the objection was sustained by the court. Defendant's counsel then offered to show that defendant had paid money for freight and transportation, for which he demanded affirmative relief, which was objected to by plaintiffs, and the objection sustained. Witness further testified that he never ordered the barrel of Taylor whisky.

The sixth instruction asked by defendant's counsel, and refused, was as follows: "If you find that by the terms of the order taken by the plaintiffs' agent, Shears, the liquors of five barrels were sent to be received at the option of the defendant, and he need not take them if he did not want them and he did not like them, and in that event he should retain the goods until said agent, Shears, should return here, then it was not incumbent on the defendant to give any notice to the plaintiffs, and no liability attached to the defendant for the retention of the goods."

The court charged the jury, generally, that if the five barrels of Capitol Bourbon were sold by sample, and the quality was not equal to the sample, then defendant should have notified plaintiffs accordingly, within a reasonable time; and if he did not do so, he was liable for the amount; also, that if he accepted the barrel of Taylor whisky, knowing where it came

from, without giving notice of his refusal to take it, the law would imply a contract to pay its value.

Verdict and judgment for the plaintiffs for the entire amount claimed; and defendant appealed from the judgment.

*J. J. Orton*, for appellant, argued, *inter alia*, that the breach of warranty being established, the only remaining point was as to defendant's liability in not returning the whisky. If the agreement was that defendant was to retain it until Shears' return, this would excuse notice to plaintiffs, and defendant would not be liable. The court erred in refusing to submit this question to the jury. See *Kimball v. Johnson*, 14 Wis., 674; *Ward v. Henry*, 19 Wis., 76; *Imhoff v. R. R.*, 20 Wis., 344.

*Davis & Flanders*, contra, to the point that by receiving and retaining the whisky for nearly three months, without notice to plaintiffs, or returning it to them, defendant waived all objections to its quality, and became liable for the price, even though it were inferior to sample, cited *Barton v. Kane*, 18 Wis., 262; *Reed v. Randall*, 29 N. Y., 358; *Corning v. Colt*, 5 Wend., 254; *Sprague v. Blake*, 20 Wend., 61; *Fitch v. Carpenter*, 43 Barb., 40.

DIXON, C. J. It was clearly error for the court to rule out the question put by the defendant to the plaintiffs' witness, Shears, the object of which was to show that the witness was interested in the event of the suit. It is true that such interest does not disqualify the witness from testifying, but the fact may nevertheless be shown for the effect it may have upon his credibility. It may be shown for the purpose of better enabling the court or jury to determine the degree of credit to be given to his testimony, or to disregard it entirely, where, upon that fact alone, or taken in connection with others, the proofs are of a kind to produce such conviction. *Phœnix Insurance Co. v. Sholes*, 20 Wis., 35; *Cornell v. Barnes*, 26 id., 473.

The court also erred in excluding the testimony offered by

the defendant tending to prove the counterclaim set up by him for money which he paid for freight and charges on goods sent to him by the plaintiffs, and which he refused to accept. The evidence on the part of the defendant tended to show a state of facts which made this testimony admissible. If, as the defendant attempted to prove and his evidence tended to show, the bargain with the plaintiffs' agent was, that he was to take back the whisky and pay the charges advanced by the defendant, in case the whisky proved unsatisfactory to the defendant, or not equal to the sample, then it was proper that the defendant should be permitted to prove the amount of such charges.

The court furthermore erred in ignoring the defense made to the action, or to that part of it which was to recover the price of the five barrels of Capital Bourbon and the one barrel of Taylor whisky. The court did so by omitting to submit to, or by withholding entirely from the consideration of, the jury the evidence given on the part of the defendant tending to show what the bargain was, as the defendant claimed it to have been, between himself and the agent of the plaintiffs through whom it is alleged the whisky was purchased. It did so both in its general charge and by refusing to grant the defendant's sixth request to instruct, which should have been granted. If the understanding between the defendant and the plaintiffs' agent was, that the whisky should remain with the defendant until the agent returned, who was to make all things satisfactory or take back the whisky and pay the charges, this was a good defense to the action for the price, and excused the defendant from giving notice to the plaintiffs that the whisky was not satisfactory and that he refused to accept it. The evidence on the part of the defendant tended to establish this defense, and the cause should have been submitted to the jury in a manner to have given them an opportunity to consider and pass upon it.

*By the Court.*— Judgment reversed, and a new trial awarded.