### NAU vs. SUELFLOHN and another, imp.

ENTRY OF JUDGMENT. *(1) Order staying proceedings made by judge, and judgment entered by clerk on same day, in vacation.*
COURT AND JURY. *(2) Questions of fact.*

1. After verdict for defendants, plaintiff moved for a new trial; on the minutes; but the motion was not called up, nor judgment entered, during the term. On the last day of the term, defendants served on plaintiff notice of the taxation of costs for June 2d. On the 1st of June, plaintiff, on affidavit, asked for a rule to show cause why all proceedings after the verdict should not be stayed until June 9th; on the 2d of June, the judge of the court made an order granting such stay; and on *the same day* the clerk taxed the costs, and entered judgment upon the verdict as of the last day of the term. The bill of exceptions does not state whether the judgment was entered *before* or *after* the order staying the proceedings was made. *Held,*
    (1) That it must be presumed that the records of the court were within the knowledge of the judge when he made such order, and the order itself implies that there was then no judgment.
    (2) That even if the clerk could properly enter judgment in such a case during vacation, and if the motion for a new trial fell with the term, still the entry of judgment after a stay of proceedings was irregular and unauthorized.
2. The judgment in this case should also be reversed for error of the court in determining important questions of fact, instead of submitting them to the jury.

APPEAL from the County Court of *Brown* County.
Action for rent alleged to be due the plaintiff under a con-

tract of lease of the third story of a building, executed by plaintiff as party of the first part, and by defendant *Suelflohn* as principal, with the other defendants as his sureties, parties of the second part. There was also a second cause of action for damages suffered by plaintiff from defendants' negligence in the use of a cistern of water in the premises so let to them. Other facts are stated in the opinion.

Plaintiff appealed from a judgment entered in favor of the defendants.

*W. J. Lander*, for the appellant.

The cause was submitted for the respondents on the brief of *Hudd & Wigman.*

ORTON, J. After verdict for the defendants, the plaintiff made a motion for a new trial upon the minutes of the court, which was not called up or considered, and no judgment was rendered upon the verdict, during the term, and the court adjourned and the term ended on the 31st day of May, 1877.

On the same day, the defendants served upon the plaintiff a notice of taxation of costs, before the clerk, on the 2d day of June thereafter.

On the 1st day of June, the plaintiff made an affidavit, and asked for a rule to show cause why all the proceedings *after the verdict* should not be stayed until the 9th day of June, the day for the hearing of a motion to vacate the proceedings and grant a new trial; and on the 2d day of June, the judge of the county court made an order granting such stay of proceedings. On the 2d day of June, the clerk taxed the costs, and entered judgment upon the verdict against the plaintiff for costs, as of the last day of the term. The bill of exceptions, as first settled and signed, contained the fact that the judgment was entered after and pending the stay of proceedings; but by the last amendment of the bill this fact is stricken out. If the priority of the exact time during the day, of the 2d day of June, as to the entry of judgment and the signing of the order staying the proceedings, were at all material, as the bill of exceptions now stands, it might be impossible from the record to

determine this priority with absolute certainty. The order asked for in the rule to show cause was, to stay all proceedings *subsequent to the verdict*, and such order was in effect granted, which clearly implies that no judgment had *then* been entered; for it must be presumed that the records of the county court were within the knowledge of the judge, and, if judgment had been entered, the stay would have been of all proceedings subsequent to the *judgment*.

Without considering the doubtful practice of the clerk entering judgment after the term and in vacation in such a case, and conceding that the motion for a new trial on the minutes would fall at the end of the term, and that the judgment, pending the motion, would operate as a denial of it, it is our opinion that the entry of judgment by the clerk in this case, pending a stay of all proceedings subsequent to the verdict, was clearly irregular and without authority.

In application to the claim of the plaintiff, the lessor, against the defendant lessee, for damages to the premises leased and to the goods of Lenz & Brauns, other tenants in the rooms below, by the negligence of said defendant in allowing the cistern and water-pipes to freeze and burst and discharge water upon the goods, which damages, amounting to the sum of $105.85, had been paid by the plaintiff, and assumed to be repaid by the defendants to the plaintiff, the court charged the jury as follows: "And in case you find the defendants are in fault, it appears from the testimony of the plaintiff that he paid some four dollars only to repair plastering, and $105.85 for the goods injured, at cost price; that he took the goods; and that a part at least of them were afterwards sold by him. The loss, therefore, could not have been equal to the gross amount paid for them."

The plaintiff testified in respect to these damages, that he did not recollect how much the repairs of the building in plastering amounted to; that he could not say that it was $4; and that it was damaged more than it cost to put the plastering on, by coloring and staining some of the plastering which did not fall off; that he paid Lenz & Brauns for damages to

their goods to the amount of $105.85, and the defendant promised to pay him that amount; and that, although he took the damaged goods and sold some of them, it cost him as much to dry them and get them ready to sell, as they were worth.

This evidence was disputed by the defendants, and it was the peculiar province of the jury, if possible, to reconcile the evidence, pass upon the credibility of the witnesses, and find the truth; but this instruction invaded their province, and they were relieved from passing upon these disputed facts by the court; which was clearly erroneous. *Zonne v. Wierson*, 3 Chand., 240; *Phœnix Ins. Co. v. Sholes*, 20 Wis., 35; *Kellogg v. Nelson*, 5 id., 125; *Buckland v. Wilson*, 28 id., 581.

The court further instructed the jury as follows: "This occurrence took place in January, 1872, the defendants continuing to occupy the premises until January, 1876, and paying rent as usual, and nothing was demanded of them; the presumption might fairly arise that the plaintiff was content to retain his tenants and bear the loss himself resulting from the leakage now complained of." The plaintiff testified that the defendant promised to pay the damages to the goods of Lenz & Brauns to him, and that he, plaintiff, dunned the defendant many times for it. This was also disputed by the defendant, and the court relieved the jury from their duty in determining this disputed fact, and not only found for the defendants the fact that "nothing was demanded of them," but enforced the presumption arising from such fact, against the claim of the plaintiff to any damages whatever; which was also clearly erroneous.

*By the Court.* — The judgment of the county court is reversed, with costs, and the cause is remanded with directions to grant a new trial.