56 177
75 442

## HENDERSON VS. ALLEN.

*November 4 — November 21, 1882.*

ATTACHMENT: *Execution for costs on traverse.*

1. Costs in proceedings under a traverse of an affidavit for an attachment enter into the final judgment in the action, and no process can lawfully be awarded for their collection other than an execution upon such judgment. R. S., sec. 2746.
2. An award of execution for costs, in an order made upon the determination of a traverse in attachment, should be expunged from the record whenever the attention of the court is called to it, either at the term at which the order was made or at any subsequent term. *Landon v. Burke*, 33 Wis., 452.

APPEAL from the Circuit Court for *Sauk* County.

The plaintiff sued out of the circuit court a writ of attachment against the property of the defendant. The defendant interposed a traverse of the affidavit for the writ. The issue made by the traverse was afterwards tried and found for the defendant. The court thereupon ordered and adjudged that "the property attached be forthwith delivered up to the defendant, and the costs of the issues tried in the traverse is taxed in favor of the defendant and amounts to $67.27, and that execution issue therefor." An execution was issued for such costs, whereupon the plaintiff, at a term subsequent to the judgment term, moved the court to set aside the execution, and so much of the above order or judgment as awards an execution for the costs of the traverse.

The circuit court granted the motion, and the defendant appealed from the order granting the same.

For the appellant there was a brief by *John Barker* and *Wm. Brown*, and oral argument by *Mr. Brown*.

For the respondent there was a brief by *R. P. Perry*, attorney, and *A. W. Perry*, of counsel, and oral argument by *J. W. Lusk*.

LYON, J.   The traverse and proceedings under it are purely statutory, and the statute confers upon the court no authority whatever to award execution for the costs thereof.   Such costs enter into the final judgment in the action, and no process can lawfully be awarded for their collection other than an execution upon such judgment.   R. S., 740, sec. 2746.   The award of execution in the order made upon the determination of the traverse was, therefore, entirely unauthorized by law, and is a nullity.   Being so, the court had power, and it was its duty, to expunge it from the record whenever its attention was called to the fact that execution had been so awarded.   This the court might properly do at the term at which the order was made, or at any subsequent term.   *Landon v. Burke*, 33 Wis., 452.

*By the Court.*— Order affirmed.