### Ross and another vs. HEATHCOCK and others.

*January 30 — February 20, 1883.*

*(1) Taxation of costs: review by court. (3) Reference back to clerk for retaxation. (2) Waiver of irregularity in notice of motion. (4) Stay of proceedings on execution.*

1. A circuit court has jurisdiction to review the action or non-action of its clerk in the taxation of costs.
2. A party who appears and argues, without objection, a motion which the court is authorized to hear, will be deemed to have assented to

such hearing and to have waived any irregularity in the notice of motion.

3. Upon a motion for retaxation of costs it appeared that the original bill of costs and the objections thereto filed with the clerk had been lost. A copy of the bill was used, by consent, on the argument of the motion, but the objections were not present. *Held,* that it was competent for the court to refer the matter back to the clerk for a retaxation.

4. After a retaxation had been so ordered, the insertion, by the clerk, in the judgment, of the amount of the costs as originally taxed, without a retaxation, was a mere nullity, and the court might stay proceedings on an execution issued for the collection of such costs, and might direct the amount so inserted to be erased and expunged from the judgment.

APPEALS from the Circuit Court for *Iowa* County.

The case is thus stated by Mr. Justice CASSODAY:

"This case was here upon a former appeal from a judgment on the merits entered in the circuit court for Iowa county. 52 Wis., 557. On that appeal the judgment was reversed, and the cause was remanded with directions to dismiss the complaint. Page 571. Afterwards the *remittitur* was filed in the court below, and thereupon and on October 5, 1881, an order and judgment was entered therein, dismissing the complaint, and it was therein 'further ordered and adjudged that said defendants do have and recover of and from the said plaintiffs the sum of —— dollars, their costs and disbursements herein expended.' On the same day, notice of taxation of costs before the clerk on October 8, 1881, together with an itemized bill of costs and disbursements in the circuit court, amounting to $1,226.12½, exclusive of clerk's fees, and to have the same inserted in such judgment, was served by the attorneys for the defendants upon the attorneys for the plaintiffs. By agreement of the attorneys for the respective parties, the time of such taxation was changed to October 14, 1881, at which time the attorneys for both parties appeared before the clerk with the itemized bill, and before the hearing thereof the plaintiffs' attorneys filed with

said clerk written objections to seven items in the proposed bill, amounting to $931.76, which objections were each and all then and there overruled by the clerk, who thereupon taxed the proposed bill of costs and disbursements at $1,313.22½, including clerk's fees, but the amount so taxed was not inserted in the judgment until the time hereinafter mentioned. Immediately upon said objections being overruled the plaintiffs, by their attorneys, gave notice in writing to the clerk, and also to the attorneys for the defendants, that the plaintiffs thereby appealed from the said rulings of the clerk upon said objections to the presiding judge of said court, and thereby demanded that the same be reviewed by him.

"The appeal thus taken was postponed from time to time, by mutual consent, until June 27, 1882, at the regular June term of the circuit court for La Fayette county, which was also the special term for Iowa county, when both parties appeared by their respective attorneys in said court at said special term, but without the presence of said original bill of costs as proposed, or the objections thereto, which original bill and objections both parties then and there in open court agreed had been lost, and after diligent search could not be found, and that the last known of them they were in possession of the attorneys for the defendants, and by consent of both parties a copy of the proposed bill was used upon the argument, but the objections were not present; and thereupon, and after hearing of the attorneys for the respective parties in open court without objection, the said court took the matter under advisement, and subsequently, and on July 6, 1882, made the following order, omitting the title: 'The motion for retaxation of costs having come on this term to be heard, and it appearing to the court that the taxation of costs by the clerk is lost, together with the exceptions thereto, it is ordered that the taxation of costs herein be, and

the same is hereby, referred back to the clerk for retaxation. Dated July 6, 1882. By the court, M. M. Cothren, Judge.' October 20, 1882, the defendants appealed to this court from that order, and the whole thereof.

"On July 24, 1882, the clerk, without any retaxation as directed in said order, and at the request of John W. Taylor, one of the defendants' attorneys, and without any notice to the plaintiffs or their attorneys, and without their knowledge or consent, inserted in the blank in said order and judgment so made October 5, 1881, the sum of $1,313.22½, as the costs and disbursements of the defendants in said action, and thereupon and on August 12, 1882, the defendants caused an execution in the usual form to be issued by the clerk on said judgment for the collection of said $1,313.22½, with interest thereon from October 5, 1881, together with sheriff's and clerk's fees on said execution, and placed the same in the hands of the sheriff for collection. The said sheriff demanded the payment thereof, and threatened the collection thereof by forced sale in case of nonpayment. Upon affidavits, showing such facts, the judge of said court, on the 19th day of August, 1882, ordered that said sheriff, his deputies and successors in office, be, and they and each and all of them were, thereby enjoined and restrained from enforcing or collecting said execution until the costs should be duly and legally retaxed in pursuance of the order of the court so made July 6, 1882, and the correct amount of said costs ascertained, or until the further order of the court. September 21, 1882, the attorneys for the defendants gave written notice to the attorneys for the plaintiffs that, October 3, 1882, they would move said court upon the record and papers theretofore served in the cause for a dissolution of said injunctional order, and to have the same declared void. That motion was argued in open court by the attorneys for the respective parties, October 6, 1882, whereupon

the said court ordered and adjudged that the said motion be overruled, with $10 costs of motion.   From that order, and the whole thereof, the defendants appealed to this court.

" October 7, 1882, the attorneys for the plaintiffs requested the attorneys for the defendants in writing to perfect the judgment of October 5, 1881, by applying to the clerk to tax the costs and disbursements of the defendants in conformity with the statutes and rules of the court, and by inserting the sum which should be so taxed in the entry of judgment and in the docket thereof, and notified them that, in case of their neglect, a motion would be made to the court to compel them to do so.   The defendants having taken no further steps towards the perfecting of the judgment, the plaintiffs' attorneys gave notice to the attorneys for the defendants, October 11, 1882, upon affidavits of the attorneys for the plaintiffs and the clerk of said court showing the various steps taken in regard to the taxation of said costs and disbursements, and stating the seven items, amounting to $931.76, to which objections had been made to said clerk and by him overruled, that they would move the court to strike from said judgment of October 5, 1881, the words and figures which had been inserted in the blank therein, July 24, 1882, to wit, 'thirteen hundred and thirteen dollars and twenty-two and a half cents ($1,313.22½),' and after hearing the attorneys for the respective parties on said motion, it was, on the 24th day of October, 1882, ordered, adjudged, and directed by said court that said motion be sustained, and that the clerk erase and expunge from the said judgment and order of October 5, 1881, and also from the entry of judgment and docket thereof, the words and figures above quoted, and that said blank should be left as it was before, with $10 costs of motion.   From that order, and the whole thereof, the defendants appealed to this court."

For the appellants there were briefs by *George Clementson*, *John W. Taylor*, and *Wilson & McIlhon*, and oral ar-

gument by *Mr. Wilson.* They argued, *inter alia:* 1. A motion to review the taxation of the clerk must be made to the *court.* Circuit Court Rules, XXXIII, sec. 3; *Schauble v. Tietgen,* 31 Wis., 695; *Cord v. Southwell,* 15 id., 211. An appeal to the *presiding judge* is not a motion to the court. The taxation by the clerk was final unless appealed from as the rule prescribed, for the rule is the law of the land, and binding until altered by this court or the legislature. *Attorney General v. Lum,* 2 Wis., 507; *Pittman v. Mayor,* 3 Hun, 370. The motion not being made to the court, the court had no jurisdiction of the subject matter, and the appearance of the defendants could not operate as a waiver. *Ohse v. Bruss,* 45 Wis., 442; *Herrick v. Racine W. & D. Co.,* 43 id., 93. If the matter was before the court, it should have been finally determined. No evidence was offered to disprove any of the items in the bill at the taxation, and none could be used on the appeal that was not offered before the clerk. *Wendell v. Lewis,* 8 Paige, 613; 2 Tiffany & Smith's N. Y. Pr., 440, 441. 2. After an answer, an injunctional order can only be made upon notice (R. S., sec. 2777), and it cannot be made after judgment. R. S., sec. 2776; 2 Wait's Pr., 76. If it was inequitable that the execution issued should be executed, the proper course would have been to commence an action in equity to stay its enforcement. 2 Wait's Pr., 48; 6 id., 284, sec. 3; *Merritt v. Baldwin,* 6 Wis., 439; *Garlick v. McArthur,* 6 id., 450; *Johnson v. Coleman,* 23 id., 452. There was no action against the sheriff, and hence could be no injunction against him. *Vliet v. Sherwood,* 37 Wis., 165. Defendants had the right to issue execution upon the judgment as soon as the costs were taxed, even though a proper motion were pending to review the taxation. A defeated party cannot, by a simple motion, without security, prevent the completion of the judgment and the docketing thereof so as to make the costs a lien upon his realty. 3. The defendants had the right to have

Ross and another vs. Heathcock and others.

the clerk's taxation inserted in the judgment. Sec. 2927 is imperative. The omission of notice of taxation does not affect the regularity of the judgment for costs, but the party may go on with his execution. Graham's Pr., 297; 7 Cow., 412; 2 Wend., 244; *Stimson v. Huggins*, 9 How. Pr., 86.

*Moses M. Strong*, for the respondents.

CASSODAY, J. The three several orders appealed from will be considered in their order.

1. *The order of July 6, 1882.* There can be no question but what a circuit court has jurisdiction to review the action or non-action of its clerk in the taxation of costs. Sec. 3, Rule XXXIII, expressly gives such authority on the mere motion of the party aggrieved. The court having on motion made the order referring the same back to the clerk for retaxation, after a hearing and argument by the attorneys for the respective parties, and without any objection to such hearing having been interposed by either party, as appears from the record, we must hold that the learned counsel for the defendants is in no position to claim that the matter came before the court irregularly upon mere notice of appeal to the presiding judge. The court being empowered to hear such motion, and the attorneys for the defendants having appeared and argued the same without objection, must be deemed to have assented to such hearing, and to have waived any objection to the irregularity in the notice. This was substantially held in *Hlawacek v. Bohman*, 51 Wis., 92. The case is clearly distinguishable from *Schauble v. Tietgen*, 31 Wis., 695, and *Card v. Southwell*, 15 Wis., 211, for here the motion was not entertained by the judge at chambers, but by the court. The only doubt we have had in relation to the matter is whether the court should not have retaxed the costs and directed the insertion of the same in the judgment. But the rule referred to expressly required the clerk to note on the bill of costs all items disallowed, and all items allowed which

had been objected to, and the court's review of the same was confined to such bill of costs and disbursements, and the papers and vouchers on *file* in respect thereto; and further provided that "no objection shall be entertained on such review which was not made before the taxing officer, unless the court shall otherwise allow, in order to prevent great hardship or manifest injustice." The clerk having failed to preserve such papers and record, and the same having been lost so that they could not be found, and without any fault of the plaintiffs or their attorneys, and the same not having been fully supplied, we think it was competent for the court to refer the same back to the clerk for retaxation, in order that he might make a record upon which to base his own action, or which the court could, if necessary, on motion, review. Such being the power of the court, we are clearly of the opinion that the order made by the court July 6, 1882, should have been respected and obeyed by the clerk, instead of being disregarded. *Nan v. Suelflohn,* 45 Wis., 438. For these reasons we think the order of July 6, 1882, should be affirmed.

2. *The order of October 6, 1882.* The clerk's action July 24, 1882, in disregarding the order, and inserting in the judgment the amount of costs and disbursements as taxed October 14, 1881, without any retaxation as ordered, was, we think, a mere nullity. Such papers and record being lost, there was nothing of record upon which to base such entry. Certainly, after the making of that order by reason of the absence of such records and papers from the file, the clerk was not authorized in disregard of it to arbitrarily, and without a hearing of the party claiming to have been aggrieved, determine the controversy in advance, and fill the blank in the judgment from his mere recollection of the contents of the lost papers. Of course, a clerk is an officer and responsible only for the faithful performance of his duties as such; but he is an officer of the court, and a part of his duties consist in recording the will, direction, and

Ross and another vs. Heathcock and others.

judgment of the court. To that extent he is the amanuensis of the court. The sanctity of his record, when so acting, is by reason of the fact that it proceeded from the court. To disregard the direction of the court and fill the blank in a judgment in defiance of such direction, is to presumptuously refuse to perform the duties of an amanuensis and clerk and assume the functions of the court. The toleration of such a practice would not be promotive of justice, nor serve any good purpose. The costs and disbursements having, in effect, been inserted by the clerk in the judgment without authority, there can be no question as to the power of the court to stay proceedings on an execution issued for the collection of the same. Such right of staying proceedings on process of the court by the court, is essential to its administration, and has often been sanctioned. *Lansing v. Orcott,* 16 Johns., 4; *Smith v. Page,* 15 Johns., 395; *Chipman v. Bowman,* 14 Cal., 157; *Logan v. Hillegass,* 16 Cal., 200; *Nan v. Suelflohn,* 45 Wis., 438. Many cases might be cited were it necessary. Some of the above cases hold that the proper remedy is by motion in the case, and not by injunctional order in an independent suit for that purpose, as counsel contend. For the reasons given, we think the order of October 6, 1882, should also be affirmed.

3. *The order of October 24, 1882.* The clerk having filled the blank in the judgment with the amount of costs and disbursements as originally taxed by him, without retaxation or consent of or notice to the plaintiffs or their attorneys, and in defiance of the order of the court, the same was a nullity, and properly erased and expunged from the judgment. Such practice was sanctioned in *Henderson v. Allen,* 56 Wis., 177, and *Johnson v. Curtis,* 51 Wis., 595. In this last case an order refusing to so strike out an unauthorized insertion of costs was reversed by this court.

*By the Court.*— The three several orders appealed from are each affirmed.