(65 N. W. Rep. 809.)

<hr />

ACME HARVESTER COMPANY *vs.* M. P. AXTELL.

Opinion filed November 9th, 1895.

**Acceptance of Notes on Approval as Payment.**

> Defendant, in settlement of a conceded balance due from him to plaintiff, paid the latter a portion of it in cash, and turned over to plaintiff certain notes of third persons, which were to be accepted by plaintiff in payment of the balance, if approved by plaintiff. *Held*, that the duty rested on plaintiff of ascertaining whether it would accept such notes as payment, and of notifying defendant as to its decision within a reasonable time after the delivery of the notes.

**Delay in Giving Notice of Approval.**

> *Held*, further, that plaintiff having failed for a period of over 40 days after receiving the notes to notify defendant that it did not approve them, it was a question of fact for the jury whether they had not waited beyond a reasonable time to make manifest their disapproval, and were therefore to be deemed to have accepted them as payment.

Appeal from District Court, Dickey County; *Lauder*, J.

Action by the Acme Harvester Company against M. P. Axtell. Judgment for defendant, and plaintiff appeals.

Affirmed.

*E. P. Perry*, (*Henry C. Hinckley*, of counsel,) for appellant.
*A. T. Cole* and *A. D. Flemington*, for respondent.

CORLISS, J. Only a single question of law arises on this appeal. The defendant was sued for an alleged balance owing by him to the plaintiff because of sales made by him as agent for the plaintiff of certain machinery and repairs for machinery upon commission. The defense was a settlement and payment of plaintiff's

claim.   There was evidence in the case tending to show that on June 5, 1894, the defendant and one of plaintiff's agents, who was authorized to settle claims for the plaintiff, agreed upon the balance owing by defendant to plaintiff, and that thereupon the defendant paid a portion of this balance in cash, and plaintiff's agent accepted of notes of third persons in full payment of the rest of the balance, on condition that these notes should be approved by the plaintiff.   This arrangement was in writing. The terms of it were as follows:   "The farmers' notes are to be approved by Acme Harvester Company, and, if so approved, shall be credited to M. P. Axtell's account."   When these notes should be so credited they would, with the cash payment made by defendant, fully satisfy the balance so agreed on between the parties as that balance was testified to by defendant.   From the time these notes were so delivered to plaintiff's agent on June 5, 1894, until some time after July 17, 1894, the plaintiff in no manner signified to defendant its disapproval of them.   On July 17th plaintiff's general agent wrote defendant that he was just in receipt of a letter from the company, saying that they could not accept the notes.   In this letter the agent suggested a different arrangement, but it affirmatively appears that the defendant did not assent thereto.   He appears to have stood purely on whatever rights he had at the time this letter of July 17th was received. Just when it was received does not appear; but it is a fair inference that it reached defendant within a few days subsequent to the date it bears.   At the close of the case the plaintiff requested that the jury be directed to render a verdict in plaintiff's favor. The ground of this motion was the proposition that, as plaintiff had never expressly approved these notes, they had never been received in payment of the defendant's debt, and hence that such conceded debt had never been extinguished except to the extent of the cash payment.   The learned trial judge denied this motion. The correctness of his ruling in this regard presents the only question before us for decision.   We fully agree with counsel for plaintiff that unless there was an agreement on the part of the

plaintiff to accept these notes in payment, the mere receipt of them by plaintiff would not have such effect. But the facts of this case show that plaintiff's agent accepted them conditionally in payment. If approved by the company, they were to be credited to defendant's account. The essential nature of this transaction was that plaintiff was willing to buy these notes, and pay for them this claim it held against defendant, provided. it determined, after investigation, that the notes were satisfactory. The case is strictly analogous to the case of a sale of property on the condition that the buyer shall be satisfied with the article sold. In such a case the law requires that the purchaser shall, within a reasonable time, come to a decision, and make known his dissatisfaction, if any; and if he waits an unreasonable time under all the circumstances, without notifying the seller that he is not satisfied, the law infers from his silence an acceptance of the property, an expression of his entire satisfaction with the thing retained by him, without any complaint. 3 Am. & Eng. Enc. Law, 434, note 1, and cases cited; Benj. Sales (Ed. 1888, by Edward H. Bennett) p. 560. See, also, *Childs* v. *O'Donnell*, (Mich.) 47 N. W. 1108; *Insurance Co.* v. *Sholes*, 20 Wis. 35. Our statute declares that when no time is specified for the performance of an act a reasonable time is allowed. Comp. Laws, § 3572. Under the terms of this settlement it was the duty of the plaintiff within a reasonable time to determine whether it would refuse to accept these notes in payment, and notify the defendant as to its decision. If it did not intend to accept this paper as payment, then it would be the property of the defendant, and he surely had a right to insist that he should not be left in the dark beyond a reasonable period of time with respect to the question whether these notes were his, or had become the property of the plaintiff under the arrangement made. During a reasonable period of time the property was at his risk, but after this period had elapsed he had a right to assume from the silence of the plaintiff that the notes were satisfactory to it, and that it had, therefore, decided to approve them, and accept them as payment. We think the learned trial

judge was right in his view of the nature of the question of reasonable time, under the facts of this case. We fully agree with him that it was a question of fact for the jury. The time which elapsed between the delivery of the notes and the giving of notice to the defendant by plaintiff that the latter would not accept them as payment, was neither so short nor yet so long that we can say as a matter of law that the delay was or was not unreasonable. There was evidence in the case that it would take about four days for the plaintiff to communicate with persons living in the vicinity of the makers of these notes and receive a reply. Of course, an investigation of their financial responsibility would have required more time. But we cannot say, as a matter of law, that a delay of over 40 days before notifying defendant that they would not accept the notes was only a reasonable delay in view of the fact that the jury were justified in finding under the evidence that the investigation might have been made, and a decision reached, in a much shorter period of time. That the question was one for the jury, see 19 Am. & Eng. Enc. Law, p. 642, note 2; *Washington* v. *Johnson,* 7 Humph. 468. The learned trial judge, in his charge to the jury, instructed them very clearly as to the law, and we therefore see no reason why the judgment should not be affirmed. There was a contest over a small item of indebtedness which arose after the settlement of June 5, 1894. Defendant conceded the correctness of this item, but testified that under his agreement with plaintiff it was not to become due until a date subsequent to the commencement of this action. The jury have accepted his version of the matter. Their verdict is binding on us. This item, not being due when this action was brought, could not be recovered in this action.

The judgment is affirmed. All concur.