Sherry and another vs. Gilmore and another.

SHERRY and another vs. GILMORE and another.

*September 29 — October 23, 1883.*

TOWNS. *(1) Presumption of regularity of attachment of territory.*
*(2) Time within which proceedings may be questioned.*

TAX DEED: LIMITATION. *(3) Deed issued to firm not void. (4) Defect*
*in affidavit of non-occupancy a mere irregularity. (5, 6) When*
*action deemed to have been commenced.*

1. After the lapse of nearly twenty years every presumption must be in favor of the regularity of proceedings to attach certain territory to a town.

2. After the public has acquiesced for nearly twenty years in the action of a county board attaching certain territory to a town, it is too late to question the jurisdiction of the town over such territory, even though there were irregularities in the proceedings which, in an action commenced within a short time thereafter, would have justified the court in holding them void.

3. A tax deed issued to partners in the firm name is not void for want of a grantee.

4. The insufficiency of the affidavit of non-occupancy upon which a tax deed is issued, or the entire lack of such affidavit, is a mere irregularity which will be cured by the statute of limitations.

5. The service of the summons, which, by sec. 4239, R. S., is deemed the commencement of an action, means a service in accordance with the provisions of sec. 2636, R. S.; and the mere mailing of the summons and its receipt by the defendant do not constitute such service.

6. There is no attempt to commence an action within the meaning of sec. 4240, R. S., even though the summons and complaint have been filed and an order for publication obtained, unless the summons is delivered to the proper officer with the intent that it shall actually be served.

APPEAL from the Circuit Court for *Waupaca* County.

The case is thus stated by Mr. Justice TAYLOR:

"This is an action of ejectment, brought to recover certain lands which the defendants claim to own by virtue of certain tax deeds issued to them by Marathon county. The action was commenced in the first instance by filing the summons

and complaint with the clerk of the circuit court of Marathon county, and obtaining an order from a court commissioner of said county for the publication of the summons, on the ground that the defendants were not residents of the state, or, if they were, their residence in the state could not be ascertained by the plaintiffs. The order of publication was made December 24, 1878. At a special term of the circuit court for Marathon county, held in March, 1879, the defendants appeared in this action for the special purpose of making a motion to vacate and set aside the order of publication made in said action, December 24, 1878. The motion was granted and an order made by said court, dated March 18, 1879, and filed with the clerk of said court, April 3, 1879. The order reads as follows:

" ' [Title of cause.]

" ' This cause coming on to be heard upon the motion of the defendants, appearing specially for that purpose, to vacate and set aside the order of publication heretofore made herein, and the court having heard George Lines, of counsel for the defendants, in support of said motion, and James O. Raymond, Esq., of counsel for the plaintiffs, in opposition thereto, now, on motion of Myron Reed, attorney for the defendants, it is ordered that the order of publication heretofore made herein by M. M. Charles, Esq., court commissioner in and for Marathon county, Wis., dated December 24, 1878, directing the service of the summons in this action upon the defendants above named by publication, be and the same is hereby vacated and set aside, with $10 costs.

" ' *Dated March 18, 1879.*

[Signed] " ' G. L. PARK, Judge.'

" In the original summons, and in the order of publication, the defendants were designated as " *Gilmore & Ware.*"

" Exceptions were taken to the above order, by the plaintiffs, but no appeal was taken therefrom, and no further proceedings were had in the action until April 10, 1880, when

the plaintiffs obtained an order to show cause why they should not be permitted to amend the summons and complaint in the action, as well as the *lis pendens*, by 'making *W. W. Gilmore* and *De Witt Ware*' defendants in place of '*Gilmore & Ware*,' and ordering such amended summons and complaint served upon the defendants within twenty days from the date of the order. The amendment was allowed by the court, and the amended summons and complaint was served on the defendants, April 29, 1880. To this amended complaint the defendants filed an answer. No answer was put in to the original complaint by the defendants. The defendants, by their answer, admit that they are in possession of the lands described in the complaint, deny all the other allegations of the complaint, set up title in, themselves by virtue of a tax deed issued by the county of Marathon to the defendants by their firm name of *Gilmore & Ware*, dated November 22, 1877, and recorded in the office of the register of deeds of Marathon county, November 22, 1877, and for a further defense they allege that the cause of action stated in the complaint did not accrue within nine months before the commencement of this action.

" Afterwards, by leave of the court and upon payment of costs, the defendants filed a supplemental answer, setting up that since the commencement of the action two other tax deeds had been issued to the defendant *Gilmore* by said county of Marathon,— one bearing date December 13, 1879, upon certificates of sale of May 11, 1875, and the other, May 11, 1880, on certificates of sale bearing date May 9, 1876,— by which the tax deeds lands described in the complaint were conveyed to the defendant *Gilmore*. They also allege in the supplemental answer that no action to cancel or annul any of the certificates upon which said deeds were issued had been commenced by the plaintiffs previous to the commencement of this action. They further allege that the present action was not commenced against these defendants

until the service of the amended summons and complaint, on the 29th of April, 1880, and that all action to set aside the deed of conveyance to the defendants, mentioned and described in their original answer, is barred by the statute of limitations.

"Upon these pleadings the cause was tried in the circuit court. The plaintiffs showed title to the land by direct conveyance from the United States to their grantors, and rested. The defendants then offered in evidence a tax deed from the county of Marathon to *Gilmore & Ware*, dated September 3, 1877, conveying all the lands in controversy. This deed was recorded in the office of the register of deeds of Marathon county, November 22, 1877. The plaintiffs objected to this deed, or the record thereof, being received in evidence. The objection was overruled, and exception taken. The defendants also offered in evidence the two other tax deeds set out in their answer, together with the record of the same. No objection was made by the plaintiffs to the reception of these deeds in evidence, or to the record of the same. *Gilmore* then testified as a witness for the defendants that he resided in Waupaca, Waupaca county, December 23, 1878, and never was a resident of Marathon county, and that he was not a nonresident of the state on December 23, 1878, but was a resident of Waupaca county; that the defendants *Gilmore & Ware* were not a corporation; that he could not state when the summons and complaint was mailed or received by him; and that there was no service upon him, except that he received by mail a copy of the original summons and complaint, until the service of the amended summons and complaint in April, 1880. He also testified that he had paid the taxes on the land each year from the time he took the first tax deed until the present time. It was admitted that the summons and complaint were not placed in the hands of the sheriff of Waupaca county to serve, until the service of the amended summons and complaint.

" The plaintiffs then offered in evidence the affidavits of non-occupancy of the lands, purporting to have been made at the time the tax deeds were issued, for the purpose of showing that the deeds were irregularly issued, and therefore void. They also offered in evidence the records of the county board of supervisors of the county of Marathon, in relation to the organization of the town of Weston, in said county. There is no dispute as to the regular organization of the town of Weston, in said county, previous to 1860, but it is claimed by the plaintiff that the township in which the lands in question are situated was never legally attached to the town of Weston. The record of the board shows that an order was passed by the county board of supervisors, April 30, 1860, attaching the township, in which the lands in question are situated, to the said town of Weston, and that, from that time down to the present time, that township had been considered a part of the town of Weston, and the taxes had been constantly levied upon the lands in said township from 1860, the time of the adoption of the resolution annexing it to the town, to the present time, by the proper officers of said town."

The defendants appealed from a judgment in favor of the plaintiffs.

For the appellants there was a brief signed by *Hastings & Greene*, of counsel, and oral argument by *Mr. Hastings.* They argued, *inter alia*, that the town having existed as such for more than twenty years, recognized during all that time by county and state, the legality of its organization will not now be inquired into, especially in a collateral proceeding. *Swain v. Comstock*, 18 Wis., 463; *Rumsey v. People*, 19 N. Y., 42; *People v. Maynard*, 15 Mich., 470; *Stuart v. School District*, 30 Mich., 69–74; *Jameson v. People*, 16 Ill., 257; *People ex rel. v. Farnham*, 35 id., 562; *Dillingham v. Snow*, 5 Mass., 552; *Bassett v. Porter*, 4 Cush., 487; *Bow v. Allenstown*, 34 N. H., 357; 1 Dillon on Mun. Corp.,

sec. 85; Cooley on Taxation, 549. To the point that the description of the grantees in the tax deed by their firm name is sufficient, they cited, besides the cases referred to in the opinion: *Beaman v. Whitney*, 20 Me., 413; *Murray v. Blackledge*, 71 N. C., 492; *Hoffman v. Porter*, 2 Brock., 156; *Morse v. Carpenter*, 19 Vt., 613; 2 Washb. on R. P., 565.

For the respondents there was a brief by *James & Crosby*, and oral argument by *Mr. Crosby*.

TAYLOR, J. The above statement of the evidence given on the trial is all that is deemed necessary for the determination of the questions involved in this appeal. The learned circuit judge found as a fact that the lands in question in this case were never attached to the town of Weston so as to become a part thereof, and it may be presumed, therefore, that upon the authority of *Smith v. Sherry*, 54 Wis., 114, he held that all the tax deeds issued to the defendants were void, and that there being an entire want of jurisdiction in the officers of the town of Weston to levy any tax upon such lands, the short statute of limitations did not and could not render them valid for any purpose.

We think the learned circuit judge erred in holding that the lands were not a part of the town of Weston. The proofs clearly show that they had been treated as a part of said town for nearly twenty years before the plaintiffs' action was commenced, and for thirteen years before the taxes upon which the defendants' oldest tax deed was issued were levied. After such lapse of time every presumption must be in favor of the regularity of the proceedings which attached the territory to the town. There was no evidence given by the clerk of the board of supervisors in this case which should have been held sufficient to overcome the presumption of the regularity of such proceedings. What he testified as to the want of proof of publication of the order attaching the territory to the town, was wholly insufficient

to overcome the presumption in its favor after such a lapse of time. The statute then in force did not require that any proof of publication should be made or filed with the county clerk, or with any one else. The only direction on the subject of preserving the evidence of the publication is found in sec. 31, ch. 13, R. S. 1858 (1 Tay. Stats., 300, § 39). This section reads as follows: "Such clerk [meaning the county clerk] shall order a number of the papers containing any such orders or determinations sufficient to distribute one to each of the town clerks of his county, and so distribute them; and such town clerks shall, on receipt thereof, file the same in their respective offices." From anything which was shown to the contrary by the evidence in this case, all this might have been done. The county clerk's office was not the place to look for the proof of the publication of the order. The evidence that there was no plat made of the town, is, we think, not sufficient to overturn the presumption in favor of its being made under the circumstances of this case.

We think the judge erred in his findings of fact upon this subject. But admitting that his findings on these questions are supported by the evidence, we are of the opinion that, although the irregularities in the proceedings attaching the territory to the town of Weston were such as would justify a court in holding them irregular and void in an action in which they might have been drawn in question, commenced within a short time after the attempted attachment of the territory, yet after the public has acquiesced in the action of the county board for twenty years or more, it is too late to question the right of the town to exercise its jurisdiction over such territory. The lapse of time must be held to cure a defect of this kind in the organization of our towns, otherwise great public inconvenience would result.

This is not a new question in the courts. It was considered to some extent by this court in *Swain v. Comstock*, 18

Wis., 463. In *People v. Maynard*, 15 Mich., 470, it was held that where a town was organized by an act of the legislature which was unconstitutional, yet the town so attempted to be organized having acted as a town for ten years or more, and been recognized as such, it was too late to question its rightful organization. Justice CAMPBELL, in delivering the opinion in the case, says: "If this question had been raised immediately, we are not prepared to say that it would have been altogether free from difficulty. But inasmuch as the arrangement there indicated had been acted upon for ten years before the recent legislation, and had been recognized as valid by all parties interested, it cannot now be disturbed. Even in private associations the acts of parties interested may often estop them from relying on legal objections which might have availed them if not waived. But in public affairs, where the people have organized themselves, under color of law, into the ordinary municipal bodies, and have gone on year after year raising taxes, making improvements, and exercising their usual functions, their rights are properly regarded as depending quite as much on the acquiescence as on the regularity of their origin, and no *post facto* inquiry can be permitted to undo their corporate existence. Whatever may be the rights of individuals before such general acquiescence, the corporate standing of the community can be no longer questioned." The doctrine laid down in this opinion is sustained by an abundance of authority, and is undoubtedly most salutary. See *Rumsey v. People*, 19 N. Y., 41; *Jameson v. People*, 16 Ill., 257; *People ex rel. v. Farnham*, 35 Ill., 562; *Bow v. Allenstown*, 34 N. H., 351; *Stuart v. School District*, 30 Mich., 69; *Fractional School District v. School Directors*, 27 Mich., 3. These cases all sustain the doctrine announced in the opinion of Justice CAMPBELL above quoted.

By ch. 196, P. & L. Laws of 1862, the legislature recognize the existence of the town of Weston with the township at-

tached by the order of the county board passed in 1860. Holding, as we do in this case, that by lapse of time the plaintiff has lost all right to question the regularity of the proceedings by which the township in which his land is situate was attached to the town of Weston, we clearly carry out the policy of the state as expressed by the legislature in sec. 416, R. S. 1878, and especially by ch. 54, Laws of 1883, which was passed immediately after the decision of this court in the case of *Smith v. Sherry*, 54 Wis., 114.

The circuit court erred in holding the defendants' tax deeds wholly void by reason of the want of jurisdiction in the town of Weston to levy any tax on the lands in question. The only other questions in the case are — *First*, Was the defendants' first deed absolutely void for want of a grantee therein? *second*, Had the statute of limitations run in favor of the defendants' first tax deed before the plaintiff commenced his action? and, *third*, whether all the deeds were void by reason of the insufficiency of the affidavits of non-occupancy. If the first and second points are decided in favor of the defendants, there will be no necessity of considering the third, as the defendants' first tax deed covers all the lands in controversy.

Was the defendants' tax deed void because the grantee named therein was " *Gilmore & Ware?* " We are clearly of the opinion that it was not. The grantee in the tax deed in question is described so as to indicate a partnership, and the evidence shows that at the time of the delivery of the deed the defendants were partners, using the firm name of *Gilmore & Ware*. A firm name is always held sufficient to designate the true name of all the persons composing the firm, and is always used in the transaction of the business of the firm. There does not seem to be any reason for holding that a partnership, in making a purchase of real estate for the benefit of the firm, may not do so in the same manner that they make their other purchases, viz., in the firm name.

The authorities cited by the learned counsel for the appellants fully sustain the sufficiency of the deed in this respect. *Shaw v. Loud*, 12 Mass., 447; *Stroman v. Rottenbury*, 4 Desaus. Ch., 267; *The Lady Superior v. McNamara*, 3 Barb. Ch., 380; *Newton v. McKay*, 29 Mich., 1; *Staak v. Sigelkow*, 12 Wis., 234, 242; *Hogg v. Odom*, Dudley (Ga.), 185.

Was this action commenced within nine months after the passage and publication of ch. 334, Laws of 1878? This act was published March 25, 1878, and the nine months would expire December 24, 1878. The defendants' first tax deed is one which comes within the provisions of sec. 6 of said act (sec. 1210d, R. S. 1878); and unless the plaintiff's action was commenced on or before December 24, 1878, the statute has run in favor of such deed, and it cannot be avoided by showing that it was issued upon an insufficient affidavit of non-occupancy. The want of a sufficient affidavit, or the entire lack of one, would be a mere irregularity, and cured by the statute. Was this action commenced before December 25, 1878, within the meaning of secs. 4239, 4240, which define what shall be deemed a commencement of an action within the meaning of the statutes of limitation? It is evident that it was not commenced by the actual service of the summons upon either of the defendants before that date. If we would be justified in presuming that the summons and complaint were received by one of the defendants December 24, 1878, by mail, that would not be a service of the summons within the meaning of the statute. The service spoken of in sec. 4239 evidently means a service made in accordance with the provisions of sec. 2636, R. S. 1878. It is very clear that a suit cannot be commenced by simply sending a copy of the summons to the defendant through the mail. Under sec. 4240, " an attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered with intent that it

shall be actually served to the sheriff or other proper officer of the county in which the defendants, or one of them, usually or last resided; . . . or, if such defendant be a nonresident, . . . to the sheriff or other proper officer of the county in which plaintiff shall bring his action." The above quotation contains all of sec. 4240 which has any application to this case. The evidence in this case fails entirely to show that there was an attempt to commence this action, within the meaning of this section, previous to December 25, 1878.

It is true that a summons and complaint were filed in the office of the clerk of the circuit court of the county in which the action was commenced, on December 24, 1878, and that an order of publication was obtained on that day; but it does not appear that the summons was placed in the hands of the sheriff or other proper officer of the county in which the action was commenced at any time, nor in the hands of the sheriff of the county in which the defendants or one of them resided at the time, until long after the statute had run. If we were to treat the action as properly commenced against the defendants as nonresidents of the state, and that a proper order of publication was obtained,— still the fact that the summons was not placed in the hands of an officer of the county in which the action was intended to be commenced, would be fatal to the claim that there was an attempt to commence the action within the meaning of sec. 4240. It becomes unnecessary, therefore, to determine whether the order of publication was regularly made, or whether the subsequent order of the circuit court setting it aside, and declaring it void and of no effect, was erroneous.

The respondents having failed to show that their action was commenced within nine months after ch. 334, Laws of 1878, took effect, all defects and irregularities in the appellants' first tax deed were cured, and the title of the respondents was thereby divested, and absolutely became vested in

the appellants. Upon the evidence, the judgment should have been in their favor.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with instructions to the circuit court to enter a judgment dismissing the complaint, unless, upon application therefor by the respondents, showing sufficient grounds, the said court shall grant them a new trial.