THE TOWN OF WOODVILLE, Appellant, vs. THE TOWN OF HARRISON, Respondent.

*January 10 — January 29, 1889.*

*Limitation of actions: Time of delivery of summons to sheriff: Alteration of return day: Evidence: Justices' courts.*

1. No record evidence of the time when a summons issued by a justice of the peace was delivered to the sheriff for service being required by statute, such time may be proved by parol.

2. If after a summons issued by a justice of the peace is delivered to the sheriff for service the return day fixed therein is changed, such alteration makes another and entirely different process of it, which, in contemplation of law, the sheriff did not and could not receive until the alteration was made. And the fact and time of such alteration may be proved by parol.

APPEAL from the Circuit Court for *Calumet* County.

One Teiss and his family, having become a charge upon the plaintiff town for their support, were relieved by it. It is alleged that such paupers then had a legal settlement in the defendant town. On October 26, 1886, the supervisors of the former town served upon the supervisors of the latter notice of such relief, as prescribed by sec. 1513, R. S. On November 12, 1886, the latter supervisors served upon the former a denial in writing of the liability of the defendant town for the support of the persons thus relieved, pursuant to sec. 1514. The plaintiff town thereupon brought this action to recover $14.40, that being the amount thus expended by it for the relief of such alleged paupers. The entries in the docket of the justice before whom the action was brought show that the summons was issued February 10th, returnable February 23d, and was duly served by the sheriff February 16th, and by him returned to the justice February 21st, all in 1887.

The defendant town answered, among other things, that the action was not commenced within three months after

service of such denial; thus pleading the limitation contained in sec. 1514. On the trial the sheriff who served the summons testified that he thought it was delivered to him for service February 11, 1887. Certain questions were then propounded to him by the defendant for the purpose of showing, and the answers to which might have tended to show, that when he received the summons, on February 11th, the return day written therein was February 22d (which was a legal holiday), but after the 12th of that month such return day was altered to the 23d.

The plaintiff recovered judgment for the sum claimed, and thereupon the defendant took an appeal to the circuit court. The cause was tried in that court on the return of the justice to such appeal, and the court reversed the judgment of the justice because of the rejection of such offered testimony. From such judgment of reversal the plaintiff appeals to this court.

*J. E. McMullen,* for the appellant, to the point that parol evidence was not admissible to contradict or vary the docket of the justice, cited *Coffman v. Hampton,* 37 Am. Dec. 511; *Clark v. M'Comman,* 7 Watts & S. 471; *Seibert v. Kline,* 1 Pa. St. 43; *M'Lean v.* Hugarin, 13 Johns. 184; *Posson v. Brown,* 11 id. 166; *White v. Hawn,* 5 id. 351; *Brintnall v. Foster,* 7 Wend. 103; *Healy v. Kneeland,* 48 Wis. 497; R. S. secs. 4142, 4143; *Zimmerman v. Zimmerman,* 15 Ill. 84.

For the respondent there was a brief by *Silas Bullard* and *A. A. Nugent,* attorneys, and *Gabe Bouck,* of counsel, and oral argument by *Mr. Bullard.*

LYON, J. If the action was not commenced on or before February 12, 1887, it was barred by the limitation of sec. 1514, R. S. It was not commenced until the summons was delivered to the sheriff for service. Sec. 4240. The docket

of the justice does not show, and the statute does not require that it should show, when the summons was delivered to the sheriff. Neither does it require the sheriff to certify when he received it, and he did not so certify. Had he done so his certificate would, at most, be presumptive evidence only of the fact thus certified. Sec. 4241. Hence there is no record evidence of the time the summons was delivered to the sheriff for service, and the statute requires none. Hence the fact may properly be proved by parol. Doubtless the rule would be the same had the sheriff certified the date of service, or had such date been entered in the docket of the justice.

If a summons returnable February 22d was delivered to the sheriff on the 11th of that month, and the return day was subsequently altered to the 23d, the alteration made another and entirely different process of it, which, in contemplation of law, the sheriff did not and could not receive until the alteration was made, although he may have had in his possession from the 11th the paper which by the alteration became the summons in the action. If so altered, the fact and time of such alteration may in like manner and for the same reasons be proved by parol; for it is only one method of proving when he received the summons for service. The summons is in the record, and it shows unmistakably, on its face, that the return day originally written therein has been altered.

The cases which hold that the authorized entries in the docket of the justice import absolute verity have no application here. Had testimony been offered to show directly that the summons was not issued on the 10th, or was not made returnable on the 23d, or, perhaps, that it was not served on the 16th, those cases might be applicable; but the rejected testimony was not offered for any of these purposes, or to dispute any authorized record, but only to

prove a fact resting in parol. It was therefore error to re-ject such testimony, and the error is vital in the case. Hence the circuit court properly reversed the judgment of the justice.

*By the Court.*— Judgment affirmed.