MARINER, Appellant, vs. THE TOWN OF WATERLOO, Respondent.

*December 10, 1889 — January 7, 1890.*

*Towns: Service of process: Town clerk: Limitation of actions.*

1. In an action against a town the proof of service of the summons and complaint was to the effect that they were served upon the chairman of the town and upon "E. C., the clerk of said town elected at the last annual town meeting, who claims he was not qualified, and upon Ida L., who has the charge of the records of said town and is the acting town clerk of the town, and upon W. D. S., clerk of said town who was elected and who qualified as such clerk, and who is the last clerk of said town who was elected who qualified." *Held*, that there was no service upon the clerk of the town, as required by sec. 2637, R. S.

2. Where a judgment by default is set aside for insufficiency of service of the summons, whatever was done towards service becomes *functus officio* and falls with the judgment.

3. Where the statute requires service of the summons upon two officials of a town, service upon one only does not affect the running of the statute of limitations.

Mariner vs. The Town of Waterloo.

APPEAL from the Circuit Court for *Jefferson* County.

The action was brought upon two judgments recovered against the defendant town, one in the circuit court of Jefferson county, February 10, 1880, and the other in the United States circuit court for the western district of Wisconsin, September 2, 1878. The defendant made no appearance to the action; and on September 26, 1888, judgment by default was entered against it for $60,215.02.

The return of the sheriff to the summons issued in the action is as follows: " State of Wisconsin, County of Jefferson — ss.; I, John D. Bullock, sheriff of said county, do hereby certify, that I personally served the within summons and annexed complaint upon the defendant, the town of *Waterloo*, by giving to and leaving with George Lusk, the chairman of said town, and Edward Crump, the clerk of said town elected at the last annual town meeting, who claims he was not qualified, and upon Ida Lusk, who has charge of the records of said town and is the acting town clerk of the town, and upon W. D. Stiles, clerk of said town, who was elected and who qualified as such clerk, and who is the last clerk of said town who was elected who qualified, three copies of summons and complaint. The service of said summons and complaint upon the defendant was made in the town of Waterloo, Jefferson county, Wis., as follows: Upon George Lusk and Edward Crump, on the 6th day of June, 1888; upon Ida Lusk, on the 25th day of June, 1888; and upon W. D. Stiles, on the 9th day of July, 1888. JOHN D. BULLOCK, Sheriff of Jefferson Co." In June, 1889, the defendant town, appearing by its attorneys specially for that purpose, moved the court to set aside the judgment and the above return of the sheriff, on the ground that there had been no service of the summons, and the court had obtained no jurisdiction of the defendant. The motion was founded upon certain affidavits, and upon such return and judgment. After argument, the court granted

the motion, and ordered that "the whole service of the summons and complaint herein, and the judgment entered thereon the 26th day of September, 1888, be, and the same are hereby, vacated and set aside." The plaintiff appeals from the order.

For the appellant the cause was submitted on the brief of *E. Mariner*.

*Geo. W. Bird* and *Daniel Hall*, for the respondent.

LYON, J. The affidavits read on the hearing of the motion to vacate the sheriff's return and judgment, show conclusively that neither of the persons upon whom the summons was served was at that time the town clerk of the defendant town, either *de jure* or *de facto*, or the acting clerk thereof. This is scarcely controverted. It is unnecessary to state the contents of the affidavits more specifically for the reason that the return itself fails to show an effectual service of the summons. The statute requires that in an action against a town such service shall be made by delivering a copy of the summons to the chairman of the town and the town clerk. R. S. sec. 2637. Service upon both those officers is essential to give the court jurisdiction to render a judgment in the action, unless the defective service is cured by a general appearance of the defendant. In this case the town made no such appearance.

The return, on its face, fails to show service on the town clerk of the defendant town. It shows a service on Edward Crump, who is described as "the clerk of said town, elected at the last annual town meeting, who claims he was not qualified." If he was not qualified, that is, if he had not filed his official oath and bond (R. S. secs. 809, 812, 830), he was not clerk *de jure;* and, failing so to qualify, he was not clerk *de facto* unless he had actually entered into the office under his election and was in the' discharge of the

duties thereof when so served. The proposition that Crump had qualified is negatived by the statement that W. D. Stiles is the last elected clerk of said town who qualified as such; and the statement that Ida Lusk "has the charge of the records of said town, and is the acting town clerk of the town," negatives the proposition that Crump was exercising the office under his election, although not, legally qualified. Hence he was not clerk *de facto*.

As to the service upon Ida Lusk. Aside from the fact that the name indicates that the person served is a female, and therefore ineligible to hold the office of town clerk (R. S. sec. 808), the return merely shows that she has charge of the records of the town, and is *acting* town clerk. The statute does not authorize the service to be made upon the mere custodian of the records, or upon a mere *acting* clerk. It must be upon the real clerk. There is nothing in the return to show that Ida Lusk was such clerk, either *de jure* or *de facto*.

Neither is there anything in the return to show that W. D. Stiles, therein named, was such clerk when the service was made upon him. On the contrary, the return shows affirmatively that he was not. It is not stated when he was elected to the office; but the return shows that his term had expired, and his successor was elected, and that he was not the custodian of the town records or the incumbent of the office when served with the summons. The return shows that Ida Lusk was then such custodian and was performing the duties of the office. Of course, after his term had expired and his successor had been elected, and after the records had gone into the custody of another and he had ceased to exercise the office, he ceased to be town clerk, and the town is not bound by service of process upon him. The views above expressed are fully supported by the cases of *Watertown v. Robinson*, 69 Wis. 230, and *Amy v. Watertown*, 130 U. S. 301.

The town not having appeared generally in the action, a valid service of the summons upon the town clerk as well as the chairman is essential to the jurisdiction of the court to render judgment in the action. No such service having been made, the judgment is absolutely void and was properly vacated. No question of laches can be raised in such case, for the formal judgment, being null and void, is a mere excrescence upon the record, which the court should expunge therefrom whenever its attention is called to it. *Landon v. Burke,* 33 Wis. 452; *Salter v. Hilgen,* 40 Wis. 363; *Henderson v. Allen,* 56 Wis. 177; *Goodyear Rubber Co. v. Knapp,* 61 Wis. 103.

It is claimed on behalf of the plaintiff that the court erred in vacating and setting aside the whole service of the summons, when it is unquestioned that due and proper service thereof was made upon the chairman of the town. We have here an unsuccessful attempt to commence an action, which has failed for want of service of process. To constitute such service two acts are required, one of which has been performed, the other not. By entering judgment the plaintiff submitted the sufficiency of the service as a whole to the scrutiny of the court. The court correctly held the same insufficient to uphold the judgment, and so set aside both service and judgment. Probably had the court said nothing about the incomplete service in the order vacating the judgment, such service would still have ceased to be of any effect thereafter. We are aware of no rule of practice which requires the court in such a case to analyze the defective service, when called to pass upon its validity, and save any regular steps which may have been taken in attempting to make the same. It seems, rather, that the court should consider the service as a unit, and, if insufficient as a whole, may vacate it as was done in this case.

This is not a case of service upon one only of two defendants, in which case it would be effectual as to the defendant

served, but is a partial service upon a single defendant, rendered inoperative by a failure to perfect it. No distinction is perceived between this case and any other in which several steps are required to make a valid service. For example, suppose it essential to a valid service of process that it be read and a copy thereof delivered to the defendant, and the sheriff only returns that he read it to him. If judgment be entered depending upon the validity of the service, the court would set it aside, which would carry the service with it. But, should an order be made expressly vacating the service, we apprehend it would not be erroneous. It would, we think, be a novel practice, in the case supposed, to uphold the return and hold the service good if the sheriff should, at any time afterwards, merely deliver a copy of the summons to the defendant. The better rule is that, if the judgment be set aside for insufficiency of service, whatever has been done towards a service becomes *functus officio* and falls with the judgment. In that view, the order setting aside the whole service neither benefits nor harms either party, and error cannot be assigned upon it.

It is claimed by counsel for the plaintiff that the service upon the chairman should not be disturbed, because of its supposed effect upon the running of the statute of limitations against plaintiff's claim. We do not perceive how it can have any such effect. We are not aware of the existence of any statute which provides that an unsuccessful attempt to commence an action shall operate to suspend the running of a statutory limitation upon the plaintiff's demand, except sec. 4240, R. S. But that section applies only to cases in which service may be made by publication of the summons. We agree with counsel for plaintiff that this action is not one of that class. The limitation of the statute will continue to run upon the plaintiff's demand until his action thereon shall be commenced — that is to say, until the summons shall be fully served upon the town.

We conclude that the order of the circuit court setting aside the defective service of the summons, and the judgment, must be affirmed.

*By the Court.*— Order affirmed.