GOUGH v. McFALL et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1898.)

1. CONTRACTS—COMMENCEMENT OF ACTION.
    Where the time within which an action must be commenced upon a contract is specially provided for by its terms, and the summons in such an action is in fact delivered to the sheriff for service before the time limited either by the contract or by the statute had expired, and is served by him upon the defendant within 60 days after such delivery, though not until after the expiration of the time limited by the contract, the action is commenced in due time, for, if the commencement is governed by Code Civ. Proc. § 398, by which an action is commenced when the summons is served,

it is also within section 399, making such delivery to the sheriff sufficient,. while if, by reason of the special provision of the contract it were, under section 414, outside of any code provision, it would then be within the rule of the common law, by which an action is deemed commenced when the writ is issued, and is in good faith mailed to the sheriff for service.

2. JUDGMENT—AMENDMENT—FINDINGS.
In an action upon a contract the court made its decision before the formal findings were signed. This decision contained all that was essential upon which the plaintiff could have entered judgment. It was attached to the stipulation of the parties, which set out the only issue and questions. in the case. This issue the court disposed of, and directed judgment in. favor of the plaintiff. Thereafter findings were inadvertently signed by the judge, for which, as well as for the judgment entered thereon, there was no basis, and both were accordingly void. *Held*, that it was competent for the court to order this judgment amended to conform to the· only valid decision which it had made.

Appeal from special term, Richmond county.

Action by Arthur E. Gough against Henry S. McFall, as attorney in· fact for and representing James Corrigan and others. From a judgment on the decision of the special term, and from a judgment as amended by order of court, and from the order so amending said' judgment, defendants appeal. Affirmed.

The action was brought on a policy of insurance which provided' that no suit should be sustainable thereon unless commenced within 12 months after a fire. The fire occurred on April 6, 1896. The summons was delivered to the sheriff for service on April 1, 1897, and; was served by him upon the defendant on April 12, 1897.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Alfred W. Gray (George Clinton, on brief), for appellant.
Arthur S. Luria, for respondent.

HATCH, J. This case, aside from the power of the court to amend' the judgment first entered, presents but a single question, and that is: Did the delivery of the summons and complaint, in the action, to the sheriff of the county where the defendant resided, for service,. before the statute of limitations had run against the cause of action sued upon, save such action from the bar of the statute, although such· summons and complaint were not served upon the defendant until after the time when the statute would have run? The plaintiff an-· swers this question in the affirmative, and the defendant in the negative. The plaintiff supports his claim by reference to section 399 of the Code of Civil Procedure, which provides that:

"An attempt to commence an action, in a court of record, is equivalent to the commencement thereof against each defendant, within the meaning of each provision of this act, which limits the time for commencing an action,. when the summons is delivered, with the intent that it shall be actually served, to the sheriff. * * * But. in order to entitle a plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed, within sixty days after the expiration of the time limited for the actual commencement of the action, by personal service thereof upon the defendant."

It is stipulated that the summons and complaint in the present case· were delivered to the sheriff for service before the statute had run,.

and that they were served upon the defendant within 60 days thereafter.

The defendant answers this claim by the assertion that the language of the section, "within the meaning of each provision of this act, which limits the time for commencing an action," refers to provisions of the Code fixing the time within which actions may be commenced, and does not apply in a case where the limitation is not one specifically provided for in the Code; that the limitation in the present case is contained in the contract, and therefore the specific language of the code provision excludes a limitation embraced therein. The defendant is enabled to support his claim to this construction by substantial authority. Quinn v. Insurance Co., 81 Hun, 207, 30 N. Y. Supp. 714. The decision of this case was made to rest upon the authority of Hill v. Supervisors, 119 N. Y. 344, 23 N. E. 921. That was an action to recover damages sustained in consequence of a mob or riot, and was brought under a statute which required that the action should be commenced within three months, as limited in the act. The plaintiff, having brought his action, was nonsuited, and in a new action sought to avail himself of the provisions of section 405 of the Code of Civil Procedure, which extended the limitation in certain cases. It was held that such action did not fall within the provision, for the reason that the right of action was created by the statute, and plaintiff's rights were measured by its terms. It is to be observed that in that case the plaintiff was compelled to resort to the Code provision for relief, as it could not be sought elsewhere. When this failed, he had no other resort, as all of his rights depended upon the terms of the statute. There is evidently a plain distinction between such case and the one we are now considering. The plaintiff's right of action in this case depends upon his contract, and, in the absence of code provisions, the remedy which he would be entitled to invoke would be such as is furnished by the common law. No such resort could be had in the Hill Case, as the plaintiff's rights therein were limited solely to the statute which gave the right of action. If, in the present case, the commencement of the action is governed by section 398 of the Code of Civil Procedure, and the time of the commencement of the action is to be deemed as of the date when the summons is in fact served upon him, as provided in that section, then we see no reason why the other provisions of the Code do not apply, and why the language of section 399 of the Code does not embrace such a case, within the reasoning of the decisions in Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638, and Titus v. Poole, 145 N. Y. 414, 40 N. E. 228. If, however, we adopt the defendant's contention, and hold that this case is embraced within the exception contained in section 414 of the Code of Civil Procedure, and is therefore outside of any code provision having reference to the limitation of actions, the provision respecting the time of the commencement of the action has no application; and as, in such case, there is no provision of the Code governing the remedy, and as plaintiff's right of action is dependent upon contract, the plaintiff is relegated to his rights and remedies as existing at common law. In such case the rule of the common law is well settled. Actions under it are deemed to be commenced when

the writ is issued, and it is in good faith mailed to the sheriff for the purpose of service. Such act saves the bar of the statute of limitations. Burdick v. Green, 18 Johns. 14; Visscher v. Gansevoort, Id. 496; Lowry v. Lawrence, 1 Caines, 68; Jackson v. Brooks, 14 Wend. 649. There is nothing in Quinn v. Insurance Co., supra, in conflict with this view. The court in that case did not consider or express any opinion respecting the plaintiff's rights at common law. It is not, therefore, an authority upon this point. Into one or the other of these contingencies it would seem the defendant must fall, and whichever we adopt seems equally fatal to the defendant's contention.

So far as the appeal from the order is concerned, the facts are undisputed. The court made its decision before the formal findings were signed. This decision contained all that was essential upon which the plaintiff could have entered judgment. It was attached to the stipulation of the parties, which set out the only issue and questions in the case. The issue the court disposed of, and directed judgment in favor of the plaintiff, with costs. This was all that was necessary to entitle the plaintiff to the only judgment to which he was entitled. Reynolds v. Insurance Co., 6 App. Div. 254, 39 N. Y. Supp. 885. The defendant claims that the first judgment was void, and in this claim we agree. The findings upon which it was based were signed by the judge inadvertently, and were equally void. There was no basis upon which such findings could be made, or the judgment entered. It had no support in the complaint or in the stipulation, or any proof, and, as the whole was void, no claim could be predicated thereon. It was, therefore, competent for the court to order the judgment amended to conform to the only valid decision which the court had made; and, when amended, it stood as the only judgment in the case, and was authorized by the original decision.

It follows that the judgment and order should be affirmed, with costs. All concur.