Moulton, Appellant, vs. Williams, Respondent.

*November 1 — November 22, 1898.*

*Justices' courts: Appointment of person to serve summons: Condition precedent: Statute of limitations: Waiver: "Attempt to commence action."*

1. Service of a justice's summons by a person appointed for that purpose, without the previous filing with the justice of an affidavit showing the necessity for such appointment, is void.
2. An appearance by defendant in response to such service would not operate as a waiver of the benefit of the statute of limitations taking effect before a second service of the summons, which was valid.
3. The delivery of the summons in good faith to the person who made the first service, for the purpose of commencing the action, was not an attempt to commence an action, within the meaning of sec. 4240, Stats. 1898, making such an attempt equivalent to an actual commencement as regards the statute of limitations. That statute applies only where there is a subsequent completed service by publication.

Appeal from a judgment of the circuit court for Waushara county: John Goodland, Judge. *Affirmed.*

Action commenced in justice's court to recover on a prom-

issory note. The summons was served by a person appointed for that purpose, under sec. 3608, R. S. 1878, but the necessity for the appointment was not first established by affidavit filed with the justice as required by such section. Two days after the first service, and a sufficient time before the return day of the summons, a second service was made by an officer authorized by law. Defendant appeared generally, but whether in response to the first or the second service is not shown. After the first service and before the delivery of the summons to the officer to be served a second time, the statute of limitations ran on the note. Defendant pleaded the statute of limitations, and on the trial in the circuit court, to which the action was carried by appeal, recovered on such plea, the theory of the court being that the first service was void and did not interrupt the running of the statute of limitations. Plaintiff appealed.

The cause was submitted for the appellant on the brief of *Perry Niskern*, and for the respondent on the brief of *S. G. Potter*, attorney, and *John J. Wood, Jr.*, of counsel

MARSHALL, J. An affidavit of the plaintiff, or of some one in his behalf, first duly filed with the justice, establishing the necessity for the appointment of a person to serve the summons, was a condition precedent to such appointment under sec. 3608, Stats. 1898. That condition not having been complied with, the first service was void. If the appearance can be said to have been in response to the void service, it did not waive the benefit of the statute of limitations. Its only effect was to give the justice jurisdiction of the person. The only way the statute could have been impliedly waived was by failure of the defendant to properly plead and insist upon it. It is suggested that if the first service was void, the delivery of the summons in good faith to the person who made it for the purpose of commencing the action was an attempt to commence it within the mean-

ing of sec. 4240, Stats. 1898. It is a sufficient answer to that to say that the section applies only where there is a subsequent completed service by publication. It has no application to the facts of this case. *Mariner v. Waterloo,* 75 Wis. 438. No other question is raised deserving notice here.

*By the Court.*— Judgment affirmed.