Johnson, Appellant, vs. Turnell and another, Respondents.

*February 19—March 11, 1902.*

*Limitation of actions: Attempt to commence action: Justices' courts: Summons issued in blank: Docket entries: Parol evidence.*

1. The statute of limitations runs against a demand until a good-faith attempt is made to enforce it by action, and, under sec. 4240, Stats. 1898, providing that an attempt to commence an action shall be deemed equivalent to the commencement thereof, it is essential that there be the delivery of a judicial process to an officer competent to serve it, with the intention that he seasonably make such service, and that such process be good in fact as well as in form.

2. In such case the actual fact that a summons was delivered to the officer at the time alleged is the material fact to be proved, and in an action commenced in justice's court the paper purporting to be a summons, the docket entry of the justice as to when it was issued, and evidence as to when it was delivered to the officer, *prima facie,* but not conclusively, establish the facts which they indicate.

Johnson v. Turnell, 113 Wis. 468.

3. In actions where the defense is the bar of the statute of limitations, the actual fact as regards *when* the action was commenced, or attempted to be commenced, may be established by parol evidence.

4. Where the docket entries of a justice of the peace show that the summons was issued on a certain day, such record is not a record on the jurisdictional question of *when* the summons was issued unless the paper was a legal process, and therefore the question of *when* the justice obtained jurisdiction of the defendant becomes material, and may be shown by parol evidence.

5. Undisputed testimony that, at the time of the commencement of an action in justice's court, the general custom of plaintiff's attorney ·was to obtain signed blanks from the justice and fill them up as needed, that the attorney was unable to say but that he followed the custom in such action, and that the written part of the paper, except the signature, was in the attorney's handwriting, supports a finding that the summons was not in fact issued by the justice.

6. Sec. 3594, Stats. 1898, providing that the summons in justice's court shall be dated on the day it is issued, be signed by the justice issuing it, and that such justice, before delivering it to any person, shall enter therein the names of both plaintiff and defendant, the name of the town, city, or village where it is issued, the date of issue, and the day and hour of the return thereof, is mandatory, and a summons otherwise issued is void.

7. An attorney received from a justice of the peace signed summons-blanks, filled one out with the proper entries for an action on a promissory note, dated it, and delivered it to an officer on the last day before the statute of limitations had run on the note. The officer served it two days thereafter. The docket entries of the justice showed that the summons was issued on the day of its date. *Held*, that such summons was not a summons in a legal sense; that nothing effective was done to commence the action before the defendants voluntarily appeared and pleaded the statute of limitations, and that then the bar of the statute was complete.

APPEAL from a judgment of the superior court of Douglas county: CHAS. SMITH, Judge. *Affirmed.*

The action was commenced in justice's court. From a judgment in favor of defendant on his plea of the statute of limitations, plaintiff appealed to the superior court. The case was tried there without a jury. The justice's docket entry

showed that the summons was issued December 1, 1900, and served December 3, 1900, on one of the defendants and on the other the day following. The return of the officer who served the summons was in harmony therewith. Evidence was permitted showing such facts, and showing or tending to show the facts found by the trial court. Such findings are to the effect that February 28, 1894, at West Superior, Wisconsin, defendant made the promissory note declared on in the complaint, whereby for value he promised to pay plaintiff, nine months thereafter, the sum of $50 with interest thereon at the rate of eight per cent. per annum; that no part thereof had been paid up to the date of such findings; that December 1, 1900, plaintiff's attorney, in good faith, placed in the hands of a constable a paper in the form of a summons in an action in justice's court by the plaintiff against the defendant, to recover upon such note; that the officer served the paper so delivered to him, on one of the defendants December 3d, and on the other one day thereafter; that it was not in fact a summons issued by the justice, but was made to appear to be such by plaintiff's attorney procuring of the justice a signed blank, and some time thereafter filling it up, the justice not seeing the paper after it was a completed summons in form. Upon that state of facts it was held that the action was not commenced against the defendants till they voluntarily submitted to the jurisdiction of the court, and that there was no legitimate attempt to commence the same prior thereto so as to prevent the running of the statute of limitations, and that, as the full statutory period of six years after the note matured without any recognition thereof by the defendants or either of them to renew it, expired before such voluntary appearance, the defendants were entitled to the benefit of the statutory bar to the cause of action to recover thereon. A judgment in favor of defendants was accordingly rendered.

For the appellant the cause was submitted on the brief of

*Victor Linley* and *F. A. Eckman,* and for the respondents on
that of *H. V. Gard.*

MARSHALL, J.   It will appear from the foregoing state-
ment that, if the question, of whether the paper purporting
to be a summons was placed in the hands of the officer for
service thereof upon the respondents, and was a legal sum-
mons so that jurisdiction was obtainable by the service of the
ostensible summons, was open to investigation by parol evi-
dence, and the question upon such evidence was properly de-
cided in favor of respondents, the statutory bar to the action
upon the note was complete before anything occurred to inter-
rupt it, and the judgment must be affirmed regardless of any
other question presented for consideration upon the record.
Time ran against the note till a good-faith attempt was made
to enforce it by action.   Such an attempt required, at least,
the delivery of a judicial process to an officer competent to
serve it upon the defendants, with the intention that he should
seasonably make such service, the process being good in fact
as well as in form, so that jurisdiction of the respondents
would be obtainable by such service.   Sec. 4240, Stats. 1898;
*Sherry v. Gilmore,* 58 Wis. 324.

The proposition is urged with much confidence that the
docket entries made by the justice, as to when the summons
was issued, are conclusive as regards whether the process was
legal.   The authorities cited by counsel to support that do not
apply to this case.   Here the actual fact as to whether a sum-
mons was delivered to the officer at the time claimed by ap-
pellant is the material thing.   The paper purporting to be a
summons, the docket entry of the justice as to when it was
issued, and the evidence as to when it was delivered to the
officer, *prima facie* establish the facts which they indicate,
but are by no means conclusive.   The law is well set-
tled, in cases where the defense is the bar of the statute of
limitations, that the actual fact, as regards when the action

was commenced or attempted to be commenced, may be established by parol evidence. · This court passed upon that question in *Woodville v. Harrison,* 73 Wis. 360. For other authorities to the same effect see Wood, Limitations, § 291, and cases cited; Angell, Limitations, § 315.

Counsel cite to our attention cases where this court has held that a justice's docket entries of judicial proceedings in a cause cannot be contradicted by parol evidence. For example, in *Smith v. Bahr,* 62 Wis. 244, it was held that, upon *certiorari* to a justice, his record returned imports verity. *Cassidy v. Millerick,* 52 Wis. 379, is the same kind of a case. Counsel might have added largely to the number of his citations of that kind. Authorities without number could be referred to as to the conclusiveness of an officer's return of service. But it by no means follows that the record of a justice, or return of service of an officer, is conclusive for all purposes. This court has repeatedly held that the return of an officer upon a summons, or execution, may be collaterally impeached where jurisdiction of the party arises. That has been a well-understood exception to the general rule for which counsel contends, in this state, since *Rape v. Heaton,* 9 Wis. 328. For subsequent cases on the subject see *Pollard v. Wegener,* 13 Wis. 569; *Veeder v. Lima,* 19 Wis. 280; *St. Sure v. Lindsfelt,* 82 Wis. 346; *Toepfer v. Lampert,* 102 Wis. 465. In the last case this court said:

"The principle is that the record is no record unless the party to be bound by it was served with process, and this fact is open to investigation."

The record of the justice in this case was no record on the jurisdictional question of when the summons was issued, if the paper served upon respondents was not a legal process. If no jurisdiction of them was obtained by such service, manifestly, it is because the instrument served was not what it purported to be. So the question of when the justice obtained jurisdiction of the respondents became material in this case and was a subject for parol evidence.

It is insisted that the evidence does not support the finding that the summons was issued in blank and filled up over the justice's signature by appellant's attorney. We cannot see our way clear to disturb that finding. The evidence is undisputed that at the time the action was commenced it was the general custom of appellant's attorney to obtain signed blanks from the justice and to fill them up as needed; that he was unable to say but that he followed that custom in this case; and that the written part of the paper, except the signature, was in the attorney's handwriting. In that situation the trial court was justified in coming to the conclusion that the reasonable probabilities substantially all pointed to the fact as found.

On the question of whether the summons was in fact a legal process we do not understand that there is a serious controversy. Sec. 3594, Stats. 1898, governs the matter. It provides that the process "shall run in the name of the 'state of Wisconsin,' be dated on the day it is issued, be signed by the justice issuing the same, . . . be directed to the sheriff or any constable of the proper county;" and that "the justice issuing such process, before delivering the same to any person, shall enter therein the names of both plaintiff and defendant, the name of the town, city or village where it is issued, the date of issue and the day and hour of the return thereof." That statute is mandatory. It leaves no room for controversy but that the summons made in this case is void. It is not a summons in a legal sense. It has been so decided elsewhere under a similar statute, as counsel freely admits. *Craighead v. Martin,* 25 Minn. 41.

Nothing more need be said. Nothing effective was done to commence this action till defendants voluntarily appeared in the justice's court. The bar of the statute was then complete.

*By the Court.*—The judgment is affirmed.