RHODE, Special Administratrix, Appellant, vs. QUINN CON-
STRUCTION COMPANY and others, Respondents.

*October 10—November 5, 1935.*

*O. B. Porter* of Madison, for the appellant.

For the respondents Quinn Construction Company, United States Guarantee Company, and J. O. Legried there was a brief by *Stephens, Sletteland, Sutherland & Cannon* of Madison, and oral argument by *R. J. Sutherland.*

NELSON, J. The facts were stipulated and are therefore not in dispute. A. R. Rhode, in his lifetime, was a dealer in dynamite, explosives, and blasting supplies. Quinn Construction Company, a Wisconsin corporation, was engaged in highway construction with its principal place of business at Madison, Wisconsin. United States Guarantee Company is a foreign corporation organized under the laws of the state of New York as a guaranty and surety company and duly licensed to do business in this state. On July 1, 1933, Quinn Construction Company entered into a contract with the state of Wisconsin wherein and whereby it agreed to construct a certain portion of a state trunk highway. The defendant J. O. Legried was a subcontractor who performed some of the work covered by the Quinn Construction Company's contract. Rhode sold and delivered to Legried a considerable amount of dynamite and blasting supplies which had not been paid for at the time this action was commenced. United States Guarantee Company guaranteed the perform-

ance of the Quinn Construction Company contract pursuant to the provisions of sec. 289.16, Stats. On September 8, 1933, Rhode filed with the Wisconsin highway commission his notice of claim for lien against J. O. Legried, subcontractor, and Quinn Construction Company, principal contractor, in compliance with the provisions of sec. 289.53 (1), Stats. The amount asserted to be due him not having been paid, Rhode attempted to commence an action against the defendants within three months from the time of serving his written notice of claim upon the highway commission, as required by sec. 289.53 (3). Such attempt consisted of his delivering to the sheriff of Dane county, on the afternoon of December 7, 1933, between the hours of 4 p. m. and 5 p. m., a summons and complaint. December 7th concededly was within the three months' period. The summons and complaint were delivered to said sheriff with the intention and with directions to him to serve the same forthwith upon such of the defendants as were to be found within his county. Service of the summons and complaint was made on United States' Guarantee Company by service on the insurance commissioner of this state on December 8, 1933, and on defendants, J. O. Legried and Quinn Construction Company on December 9, 1933.

The plaintiff contends that, under the provisions of sec. 330.40, Stats., an attempt to commence an action by delivering the summons to a sheriff or other proper officer within the period of limitation with the intent that it shall be actually served, is equivalent to the commencement of an action and amounts to such commencement, if such attempt be followed by the first publication of the summons, or by actual service thereof within sixty days.

The defendants contend, that, since the summons was not served on the defendants until the statutory period of three months had expired, and since this action is not one in which

service of the summons might be made by publication, the action was not commenced in time, and the plaintiff's cause of action was barred by virtue of the limitation mentioned.

The sole question for decision, therefore, is whether the delivery of the summons and complaint to the sheriff of Dane county on December 7, 1933, the last day of the three months' period, with the intent that it should be served forthwith, which was followed by actual service on the Guarantee Company on December 8, 1933, and on defendants Legried and Quinn Construction Company on December 9, 1933, all within sixty days, constituted a timely commencement of the action.

The applicable statutes are the following:

"330.39 *Action, when commenced.* An action shall be deemed commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him."

"330.40 *Attempt to commence action.* An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other proper officer of the county in which the defendant or one of them usually or last resided; or if a corporation organized under the laws of this state be defendant to the sheriff or the proper officer of the county in which it was established by law, or where its general business is transacted, or where it keeps an office for the transaction of business, or wherein any officer, attorney, agent or other person upon whom the summons may by law be served resides or has his office; or if such corporation has no such place of business or any officer or other person upon whom the summons may by law be served known to the plaintiff, or if such defendant be a nonresident, or a nonresident corporation, to the sheriff or other proper officer of the county in which plaintiff shall bring his action. But

such an attempt must be followed by the first publication of the summons or the service thereof within sixty days. If the action be in a court not of record the service must be made with due diligence."

A careful reading of sec. 330.40, giving due consideration to its language, sentence construction, and punctuation, uninfluenced by any of our prior decisions, leads clearly to the conclusion that the plaintiff brought himself within its provisions and commenced his action timely. The defendants rely upon two of our cases which unquestionably support their contention, and which the trial court reluctantly considered controlling. A consideration of our cases in which sec. 330.40 (formerly sec. 4240) was construed or mentioned leads to the conclusion that there is need for a reconsideration of the conclusions expressed in certain opinions, that the law may be made certain. In *Sherry v. Gilmore*, 58 Wis. 324, 17 N. W. 252, the contention was made that simply mailing a copy of the summons and complaint within the period of limitation there involved should be held to be an attempt to commence an action. The summons and complaint mailed to one of the defendants was received by him on December 24, 1878. The particular statute of limitations involved in that action became effective the following day. Actual service of an amended summons and complaint was made in April, 1880. The court said:

"It is very clear that a suit cannot be commenced by simply sending a copy of the summons to the defendant through the mail. Under sec. 4240, 'an attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered with intent that it shall be actually served to the sheriff or other proper officer of the county in which the defendants, or one of them, usually or last resided; . . . or, if such defendant be a nonresident,

. . . to the sheriff or other proper officer of the county in which plaintiff shall bring his action.' The above quotation contains all of section 4240 which has any application to this case. The evidence in this case fails entirely to show that there was an attempt to commence this action, within the meaning of this section, previous to December 25, 1878."

Nothing was there said in any way intimating that sec. 4240 (330.40) applied only to actions in which service may be made by publication.

In *Town of Woodville v. Town of Harrison,* 73 Wis. 360, 41 N. W. 526, a three months' statute of limitation was pleaded. It was there said:

"If the action was not commenced on or before February 12, 1887, it was barred by the limitation of sec. 1514, R. S. It was not commenced until the summons was delivered to the sheriff for service. Sec. 4240. The docket of the justice does not show, and the statute does not require that it should show, when the summons was delivered to the sheriff. Neither does it require the sheriff to certify when he received it, and he did not so certify. Had he done so his certificate would, at most, be presumptive evidence only of the fact thus certified. Sec. 4241. Hence there is no record evidence of the time the summons was delivered to the sheriff for service, and the statute requires none. Hence the fact may properly be proved by parol. Doubtless the rule would be the same had the sheriff certified the date of service, or had such date been entered in the docket of the justice."

In *Mariner v. Waterloo,* 75 Wis. 438, 44 N. W. 512, service was sought to be obtained upon the town. In such actions against a town, the law required service of the summons upon both the town chairman and the town clerk. The town chairman was properly served, but no *de jure* or *de facto* clerk existed upon whom service could be made. The plaintiff served the summons on one Edward Crump, who had been elected clerk at the last annual town meeting, but who had never qualified, on one Ida Lusk, who was ineligible

458

to hold the office of town clerk, and on one W. D. Stiles, who was not the town clerk. In response to a contention that the service upon the town chairman should be held good so as to prevent the running of the statute of limitations, this court said:

"We are not aware of the existence of any statute which provides that an unsuccessful attempt to commence an action shall operate to suspend the running of a statutory limitation upon the plaintiff's demand, except sec. 4240, R. S. *But that section applies only to cases in which service may be made by publication of the summons.*"

The language italicized was apparently written without due consideration to the provisions of sec. 4240, or of its purpose or history, and without adverting to the construction placed upon that section in *Sherry v. Gilmore* and *Town of Woodville v. Town of Harrison, supra.*

Again in *Levy v. Wilcox*, 96 Wis. 127, 70 N. W. 1109, it was said with reference to a defendant who was first made a party to the action by amendment, after the statute of limitations there considered had run:

"Time continued to run in favor of the real party in interest, the appellant, till he was made a party to the action by amendment, June 23, 1896. This is elementary, and needs no citation of authorities in support of it. But, aside from the elementary principle above stated, secs. 4239, 4240, R. S., provide that no action shall be deemed commenced against any defendant, within the meaning of any provision of law which limits the time for the commencement of an action, until the summons is served on him, or service is attempted, *in cases where service may be made by publication, and such attempt is followed by actual service by publication,* within sixty days, except in case of defendants united in interest with a codefendant served with process before the running of the period of limitation. So, under the plain provisions of our statutes, this action was not commenced against the appellant till he was made a party thereto."

In *Moulton v. Williams,* 101 Wis. 236, 77 N. W. 918, the service of a justice court summons was involved. There were two services. The first service was made by a person who had been appointed to serve the summons, but the provisions of sec. 3608, Stats. 1898, were not complied with. That service was therefore held to be void. It was suggested that, if the first service was void, the delivery of the summons in good faith to the person improperly appointed to serve it was an attempt to commence the action within the meaning of sec. 4240, Stats. 1898. In response to that contention it was said:

"It is a sufficient answer to that to say that the section applies only where there is a subsequent completed service by publication. It has no application to the facts of this case. *Mariner v. Waterloo,* 75 Wis. 438."

In *Johnson v. Turnell,* 113 Wis. 468, 89 N. W. 515, the question considered was whether a paper purporting to be a summons was a legal summons, so as to open up for investigation by parol evidence the time when it was delivered to the officer for service. It was held that the bar of the statute there considered was complete before anything occurred to interrupt it. The court said:

"Time ran against the note till a good-faith attempt was made to enforce it by action. Such an attempt required, at least, the delivery of a judicial process to an officer competent to serve it upon the defendants, with the intention that he should seasonably make such service, the process being good in fact as well as in form, so that jurisdiction of the respondents would be obtainable by such service. Sec. 4240, Stats. 1898; *Sherry v. Gilmore,* 58 Wis. 324. . . .

"The law is well settled, in cases where the defense is the bar of the statute of limitations, that the actual fact, as regards when the action was commenced or attempted to be commenced, may be established by parol evidence. This court passed upon that question in *Town of Woodville v. Town of Harrison,* 73 Wis. 360."

It thus appears that the language found in the cases reviewed is not only conflicting but irreconcilable. The last sentence of sec. 330.40, Stats., to wit: "If the action be in a court not of record the service thereof must be made with due diligence," is first found in the statutes of 1878. *Sherry v. Gilmore, Mariner v. Waterloo,* and *Levy v. Wilcox, supra,* were all actions in the circuit court, but the holdings therein are not consistent. *Town of Woodville v. Town of Harrison, Moulton v. Williams,* and *Johnson v. Turnell, supra,* were all justice court actions, brought subsequent to 1878, yet the holdings therein are inconsistent. Heretofore, apparently, this court has never had presented to it ample and able briefs specifically directed to the construction which properly should be given to sec. 330.40. The first statute making an attempt to commence an action, the equivalent of the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action, is found in the statute of 1858, ch. 138, sec. 27, which chapter related to the limitation of actions. That statute was unquestionably borrowed from the state of New York. Code of Procedure of New York (Civil), 1850, ch. 4, § 582; Revised Statutes of New York, 1852, vol. 2, pt. 3, ch. 4, § 99. The New York statute, except for minor and unimportant changes, was written into our statutes of 1858; the following clause, however, being added to the language of the statute borrowed:

"Or if the defendant be a nonresident or a nonresident corporation, to the sheriff or other proper officer of the county in which plaintiff shall bring his action."

The New York law did not contain that clause but did provide:

"But such an attempt must be followed by the first publication of the summons, or the service thereof within sixty days."

Although we have found no decision by a court of New York construing said section of the code, after its adoption and prior to 1858, a substantially similar section had had a long history prior to the adoption of the code. Long prior to 1846 it was clearly the common law of the state of New York that the delivery of a proper writ to the sheriff or other proper officer, such as a coroner, with a *bona fide* and absolute intention to have it served, was a commencement of an action within the meaning of provisions of law limiting the time for the commencement of an action. *Brown v. Van Duzen* (1814), 11 Johns. (N. Y.) 472; *Van Vechten v. Paddock,* 12 Johns. (N. Y.) 178, 181; *Bronson v. Earl* (1819), 17 Johns. (N. Y.) 63, 65; *Burdick v. Green* (1820), 18 Johns. (N. Y.) 14; *Visscher v. Gansevoort* (1821), 18 Johns. (N. Y.) 496; *Ross v. Luther* (1825), 4 Cow. (N. Y.) 158, 15 Am. Dec. 341; *Van Hoesen v. Holley* (1832), 9 Wend. (N. Y.) 209; *Jackson v. Brooks* (1835), 14 Wend. (N. Y.) 649. The common law was first written into the Revised Statutes of the state of New York in 1829 (pt. 3, ch. 4, tit. 2, art. 4, §§ 38–40), and it continued in effect (Revised Statutes of New York 1846, ch. 4, §§ 38–40) until the adoption of the code in 1848. The early statutes of New York gave similar effect to the issuance of a *capias ad respondendum* and delivery of it to the sheriff of the county. That process was of course abolished by the code. The summons of the code was substituted for it. So we may say with all confidence that the section which we borrowed from New York in 1858 had a clear and well-defined meaning and had been given a definite construction. The decisions of the New York courts subsequent to 1858 are few, but they are in harmony with the earlier decisions. *Lee v. Averell,* 3 N. Y. Sup. Ct. (1 Sandf.) 731; *Shaw v. Cock,* 78 N. Y. 194; *Riley v. Riley,* 141 N. Y. 409, 36 N. E. 398; *Gough v. McFall,* 31 App. Div. 578, 52 N. Y. Supp. 221.

In none of the New York decisions is there a suggestion that the statute had or has application only to cases in which service was obtainable by publication.

It is our opinion that an attempt to commence an action should be deemed the equivalent of the commencement thereof within the meaning of any provision of law which limits the time for the commencement of an action, if the summons is delivered to the sheriff or other proper officer of the proper county, with the intent that it shall be actually served, provided such attempt is followed by the first publication of the summons within sixty days, if the action be one which requires the service of the summons in that manner, or by personal service of the summons within sixty days in actions where such service may be had, if the summons be that of a court of record; and with due diligence, if the action be in a court not of record.

It is our conclusion that the plaintiff commenced his action timely, *i. e.,* within the period of limitation provided by sec. 289.53 (3), Stats., when on December 7, 1933, he delivered or caused the summons to be delivered to the sheriff of Dane county, with intent that it should be actually served upon the defendants residing in said county, which delivery was followed by actual service within sixty days. What was said in *Mariner v. Waterloo, Levy v. Wilcox,* and *Moulton v. Williams, supra,* to the effect that sec. 4240 (330.40) applies only to actions in which service may be made by publication, is hereby expressly repudiated.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.