SMITH *against* PAGE.

IN 1811, the defendant confessed a judgment in favour of the plaintiff, on a bond for 10,000 dollars, conditioned to pay 4,509 dollars, with interest. The defendant was, at that time, seised of two farms in the county of *Herkimer,* on which the judgment became a *lien.* In *January,* 1816, he sold one of the farms to *Daniel Tilden* for 9,000 dollars, and, for part of the consideration, took the bond of *T.* in the penal sum of 6,000 dollars, conditioned to pay off and discharge the balance then due on the said judgment, being 3,000 dollars. About the same time, *Sylvester Wilcox* pur-

P. was seised of two farms, which were bound by a judgment to S. One of the farms P. afterwards sold to W. and the other to T. who, for part of the consideration money, gave to P. a bond, conditioned to pay off and discharge the judgment against P.

T. neglected to pay off the judgment, and procured R. to advance the money, for the balance due on it, and take an assignment of his security ; and afterwards, the judgment was assigned to the son of T. who issued an execution thereon, which he caused to be levied on the farm which W. had purchased of P. On motion of W. a rule was granted to stay proceedings on the execution, as it respected the farm of W. until the further order of the court.

chased of the defendant the other farm, for 900 dollars, for which he paid, and received a deed with full covenants and warranty. *Wilcox* being indebted to *Richard Gardenier*, in the sum of 1,000 dollars, gave him a bond with a warrant of attorney to confess judgment, and which was entered up in this court. *Gardenier* issued an execution on this judgment, by virtue of which the farm purchased by *Wilcox* of *Page* was sold, and G. became the purchaser at the sheriff's sale. *D. Tilden*, being pressed to pay the balance on the judgment in favour of *Smith*, which was about 1,200 dollars, requested *R. S.* to obtain the money, and take an assignment of the judgment. *R. S.* accordingly procured the money, and took an assignment of the judgment to himself, to secure the principal due, with the interest and costs. Afterwards, the son of *Daniel Tilden* paid *R. S.* the money, and took an assignment of the judgment to himself, and caused an execution to be issued on the judgment, and levied on the farm sold by the defendant, *Page*, to *Wilcox*, and by him to *Gardenier*, and which was advertised for sale under the execution.

S. S. *Lush*, in behalf of *Gardenier*, on his affidavit, stating the above facts, and that he verily believed that the son of *D. Tilden* held the said judgment so assigned to him, in trust, for the benefit of his father, now moved, that satisfaction of the said judgment should be entered of record, or for other relief, &c.

*The Court* refused to order satisfaction to be entered on the judgment, but granted the following rule: " That the execution be stayed, as far as respects the lands purchased by *Wilcox* of *Page*, until the further order of the court; and that no costs of the motion be allowed to either party."