## SUPREME COURT.

WILLIAM WELCH and JOSIAH E. TITTSWORTH agt. MORRIS F.
JAMES and JOHN SWEET.

Where the assignee of a judgment which was a lien upon separate parcels of land
belonging to the judgment debtors, one of which parcels was subsequently con-
veyed to a *bona fide* purchaser, sold the latter premises on his judgment with a
full knowledge that his judgment could be collected out of the other unincumbered
property of the judgment debtors, and after a tender of the amount of the judg-
ment had been made to him without objection, upon which sale the assignee be-
came the purchaser,

*Held,* that the sale be set aside with costs of the motion, and a perpetual stay res-
pecting the land in question, until the remedy against the other property had
been exhausted.

*Monroe Special Term, 4th Monday of October,* 1861.

MOTION on the part of Robert L. Dorr, grantee of a lot
of land in Dansville, Livingston county, formerly owned by
William Welch, one of the above named plaintiffs, to set
aside the sale of said lot made under an execution in favor
of Alonzo Bradner, assignee of the above named defendants,
on the 8th of August, 1861.    The lot was conveyed to Dorr
after the judgment had become a lien on the said land.
Griswold purchased of Welch, and Dorr of Griswold.

R. L. DORR, *in person.*
JOHN A. VAN DERLIP, *for A. Bradner, assignee of
James and Sweet.*

JOHNSON, Justice.    The affidavits and evidence show,
beyond any doubt or cavil, that the judgment in question
might have been collected, and still may be, from unincum-
bered real estate belonging to the judgment debtors, upon
which it was a lien, without resorting to the lot in ques-
tion, which was subject to other liens, and which Griswold
had purchased in part satisfaction of his judgment and
claim upon it.

Bradner, the assignee of the judgment upon which the

sale was made, was in the situation of a creditor having a claim upon two funds, on one of which another person had also a claim, and which other person will be prejudiced by allowing such creditor to satisfy his debt out of the funds subject to both claims. · In such cases equity will always compel the creditor to take satisfaction out of the fund to which he alone has a claim in the first instance.

He must exhaust that fund before resorting to the other. The same principle applies where the debtor has alienated a portion of his estate. The court will compel the creditor to resort to the unsold portion first, and exhaust that before going to that which the debtor has alienated. This the court will always do, in furtherance of justice in the exercise of its equitable powers over its own process. (*Clowes* agt. *Dickinson*, 9 *Cow.*, 403 ; *Davis* agt. *Tiffany*, 1 *Hill*, 642 ; *Smith* agt. *Page*, 15 *John.*, 395 ; *Lansing* agt. *Orcutt*, 16 *id.*, 4.)

Many more cases might be cited to the same effect ; but there is no doubt about the principle. It is clear upon the papers before me, that Dorr, the present owner, who took from Welch's grantee, will be seriously injured by allowing this sale to stand, while the assignee of the judgment, on the contrary, can have no difficulty in satisfying his judgment out of other property. It is quite apparent, also, that Griswold, who purchased from Welch's agent, did so in the confident expectation that the lien of the judgment would be discharged from that property, and had no wish or intention to interfere with the security or the collection of the judgment.

The purchaser at the sheriff's sale is the assignee of the judgment, so that complete justice may be done without affecting any rights or interests, acquired *bona fide*. It is claimed, however, on behalf of the assignee of the judgment, that Tittsworth has paid his full share of the judgment, and the land in question ought in equity to be held to pay Welch's portion. But this is a question with which

the creditor has nothing to do. He cannot thus place himself in the way of Welch's creditors or grantees, nor could Tittsworth compel him to do so. The law will so appropriate the property of both debtors, that all the debts of each may be paid. It is quite evident that both the assignee and the sheriff have been acting throughout with a view of favoring Tittsworth, at the expense of Dorr and Griswold. They persisted in selling the property in question, after all the facts had been brought home to their knowledge, and in the face of Dorr's remonstrance and forbidding the sale, and the assignee even refused to take his money and assign the judgment. He says now that no costs were tendered, but only the amount due on the judgment; but he made no such objection when the tender was made, and did not place his refusal on that ground.

The sale must therefore be set aside, and all subsequent proceedings, and a perpetual stay ordered as respects the land in question, until the other property subject to the judgment has been sold, and the remedy exhausted upon that. The assignee of the judgment must also pay $10 costs of this motion.