JAMES v. MARKHAM.

(Filed May 30, 1901.)

1. JUDGMENT—*Assignment*—*Judgment Creditors—Insolvents— Junior Creditors.*

A judgment creditor of an insolvent can not be compelled to assign his judgment to junior creditors who offer to pay the judgment debt.

2. EXECUTION — *Sale—Judgment—Mortgages—Junior Lienors— Senior Lienors—Marshaling Assets—Equity.*

An execution sale of real property for less than its value should be set aside in equity at the instance of a subsequent mortgagee who had tendered the amount of the judgment.

ACTION by Mrs. R. V. James, guardian, G. W. Watts, W. H. Rowland and wife, and W. R. Cooper and wife, against F. D. Markham, Sheriff, J. S. Carr, First National Bank, and Morehead Banking Company, heard by Judge W. A. *Hoke* and a jury, at October Term, 1900, of the Superior Court of DURHAM County. From the judgment of the Court, both parties appealed.

*Winston & Fuller,* and *Graham & Graham,* for the plaintiffs.

*Manning & Foushee,* and *Guthrie & Guthrie,* for the defendants.

### DEFENDANTS' APPEAL.

FURCHES, C. J.   W. H. Rowland and W. R. Cooper were partners engaged in the tobacco business in the town of Durham.   They were unsuccessful in their business, became embarrassed, and are now insolvent.   As such partners, they became indebted to one W. O. Blacknall, for which they executed their firm note; upon this note Blacknall brought suit in the Superior Court of Durham County, and at March Term, 1897, recovered judgment thereon for about $2,000. This judgment was duly docketed and became a judgment lien on their real estate in said county.

This firm was also indebted to the plaintiff Watts, and on the 26th of August, 1897, Cooper and wife executed a mortgage to Watts on one-half interest of the Prize house and lot belonging to said firm, for the purpose of securing said debt due Watts.   And on the same day the said Cooper and wife executed a mortgage to the plaintiff R. V. James, on a lot or parcel of land of about fifty acres to secure a debt due her by said firm.   And on the 24th day of September, 1897, the said W. H. Rowland and wife, and W. R. Cooper and wife executed a deed in trust to E. C. Murray for the purpose of securing various creditors of said firm, on three lots, two in North Durham and one on Main Street, on which W. R. Cooper's brick store-house stood.   This trust was to secure balance of unpaid taxes, for the year 1896, to pay the Blacknall judgment, a debt due defendant Carr of $835.50, the Morehead Banking Company, and the excess, if any, to go to the First National Bank, of Durham, N. C.; and that on the 30th of January, 1899, said Blacknall sold and assigned his said judgment to the defendant Carr, execution having been issued thereon.

The Blacknall judgment antedated both mortgages and the deed of trust to Murray, and therefore the superior or prior

lien upon all the property conveyed in said mortgages and deed of trust.

The judgment being under the control of the defendant Carr, he caused all said property to be advertised for sale on the 6th of March, 1899, and was threatening to sell the two lots so mortgaged to the plaintiffs, Watts and James, under said Blacknall judgment. To this the plaintiffs, Watts and James, objected and offered to pay Carr the Blacknall judgment if he would assign it to them. This he refused to do. They then applied to Judge Moore and obtained a temporary restraining order against said sale, returnable before Judge Bryan. This order being in force on the 6th of March, the day the sale was advertised to take place, it was postponed until the 27th of March, on which day Judge Bryan refused to grant an injunction against said sale, vacated the restraining order, and the sale was made of said property so mortgaged to plaintiffs, and the defendant Carr bid off said property at $1,053.25, alleged by plaintiffs to be worth much more than that sum, and has taken a deed therefor from the Sheriff. The plaintiffs, Watts and James, were present at said sale, forbade the same, and told the purchaser he would buy a lawsuit.

Upon these facts, briefly stated, the plaintiffs, Watts, James, Cooper and Rowland, have brought this action against F. D. Markham, Sheriff, J. S. Carr, First National Bank of Durham, and the Morehead Banking Company, to have said sale set aside, the deed from the Sheriff to Carr annulled and cancelled, and to have the rights and liens of the parties declared, and the proceeds arising from a sale of said property, to be made under order of Court, applied according to the rights of the parties.

Since this action was commenced, the defendant Carr has commenced actions against E. C. Murray individually, and as trustee, against E. C. Murray and others, and R. V. James, guardian, against Mrs. R. V. James, guardian, against E. C.

Murray and E. C. Murray, trustee, W. R. Cooper, W. H. Rowland, Geo. W. Watts, Mrs. R. V. James, guardian, and the Morehead Banking Company, and against W. H. Rowland and others. All of these actions appearing to the Court to involve in some manner the same transaction, were consolidated by the Court—J. S. Carr objecting to said consolidation.

The Court submitted four issues to the jury. The first was as to whether the execution sale made by the Sheriff was irregular and contrary to the course of the Court; and, upon this issue, the jury were instructed if they believed the evidence to answer "No." The second issue: "Was said execution sale wrongful and contrary to the rights and equities of R. V. James and Geo. W. Watts, and would the same, if allowed to stand, cause them irreparable damage?" On this issue, the Court instructed the jury that if they believed the evidence to answer "Yes." The other issues were as to the distribution of the fund arising from the sale of said property, and are answered in the judgment of the Court. These statements present the case for discussion.

The plaintiffs, Watts and James, and the defendants, Carr, the First National Bank, of Durham, and the Morehead Banking Company, were all creditors of the firm of "Rowland & Cooper." The firm was insolvent, but each creditor had some security for its indebtedness. The Blacknall judgment, owned by defendant Carr, was secured by a statutory lien on all the real estate owned by Rowland & Cooper. This property was, after the docketing of said judgment, conveyed by mortgages or in trust by Rowland & Cooper to secure the plaintiffs, Watts and James, as above set forth, and also to secure the $835.50 debt due defendant Carr, the Blacknall judgment, the First National Bank, and the Morehead Banking Company, as above set forth.

It is conceded that the Blacknall judgment has the priority and must be first paid. And it is admitted that the defend-

ant Carr, being the owner of this judgment, has a general control of its enforcement.    But while the Sheriff is the officer of the law, he is to a certain extent the agent of the plaintiff in the execution, when he is specially directed to act.    And what he does under the special direction of the plaintiff in the execution, and not necessary to be done for the enforcement of his execution and the collection of the debt, if hurtful to others, he is responsible for; and the fact that the Blacknall debt was secured by a judgment lien made no difference; it was the same, in effect, as if it had been secured by a prior mortgage on all the property.    Sheldon on Subrogation, sec. 77; 14 Am. & Eng. Enc. (1st Ed.), 711; *James v. Hubbard,* 1st page Chan. Rep. 234.    The plaintiffs, Watts and James, being junior lienors, were interested parties and had the right to have the superior lien (the judgment) so enforced as not to damage them, if this could be done without damage to the superior lienor.    And plaintiffs say this could have been done by selling other property upon which they had no lien; and that in order that this might be done they offered to pay the defendant Carr the Blacknall judgment if he would assign it to them.    This he was not bound to do.    But it goes to show the good faith of the plaintiffs and to establish their equities. *Sheldon, supra,* sec. 12; *Arnold v. Green,* 116 N. Y., 572.

It then appears that the judgment lien, which has been declared by this Court to be in effect a statutory mortgage, is of no greater dignity than if it had been a mortgage of prior date; that the action of the Sheriff, in selling the lots mortgaged to plaintiffs, under the advice and direction of defendant Carr, had no greater effect on the rights of the plaintiffs than if it had been made under the powers in a mortgage. And, if such a sale, made under the powers contained in a prior mortgage, would be set aside, the Sheriff's sale of the 27th of March should be set aside.    *Welch v. James,* 22 How. Prac. Rep., 474.    That case is so much like the one under

JAMES *v.* MARKHAM.

consideration, we take the liberty of quoting the head-notes: "Where an assignee of a judgment, which was a lien upon separate parcels of land belonging to the judgment debtor, one of which parcels was subsequently conveyed to a *bone fide* purchaser, sold the latter premises on his judgment with a full knowledge that his judgment could be collected out of the other unincumbered property of the judgment debtor, and after a tender of the amount of the judgment had been made to him without objection, upon which sale the assignee became the purchaser; held, that the sale be set aside with costs of the motion, and perpetual stay respecting the land in question, until the remedy against the other property had been exhausted." And the Court in discussing the case says: "It is quite evident that both the assignee and the Sheriff have been acting throughout with a view of favoring Tittleworth at the expense of Dorr and Griswold. They persisted in selling the property in question after all the facts had been brought home to their knowledge, and in the face of Dorr's remonstrance and forbidding the sale, and the assignee even refused to take his money and assign the judgment."

It is true that in this case the other property of Rowland and Cooper was not unincumbered, for the plaintiffs, Watts and James, held junior mortgage liens upon it. But so far as the defendant Carr's judgment was concerned, it was unincumbered. And it is also true that Watts and James were not absolute unconditional purchasers; but they were *bona fide* purchasers for valuable consideration. *Potts v. Blackwell,* 56 N. C., 449; *Southerland v. Fremont,* 107 N. C., 565.

Holding as we do, that the sale of these lots, so mortgaged to the plaintiffs, Watts and James, was not necessary to protect the assignee Carr and to secure the payment and satisfaction of his judgment, and that said sale was prejudicial to the rights of the plaintiffs, Watts and James; that said assignee was the purchaser at said sale for much less than its

value, and that no vested rights of third persons have intervened; that it is a proper case for equitable interference and that there was no error in the judgment of the Court below in setting aside said sale and ordering the cancellation of the Sheriff's deed," etc.

This being done, the question is presented as to the application of the money arising from the sale of said property. And as it is agreed that there will not be a sufficient amount to pay all the debts named in the assignment to the defendant Murray; and as it seems that by some arrangement the property assigned to him has been sold and the proceeds are now deposited in bank subject to the order of E. C. Murray, trustee, he will proceed to pay the Blacknall judgment now belonging to the defendant Carr, and then the other debts named in said deed of trust in the order therein provided, leaving the plaintiffs, Watts and James, to look to the property mortgaged to them for the payment of their debts. This is made upon the understanding that there is a sufficient amount of property, conveyed in the assignment of the 4th of September, to pay off all debts, including the Blacknall judgment, having liens prior to the 26th of August, 1897, this being the date of plaintiff's mortgages. But if this is not so, then the defendant Carr may sell under his judgment the land conveyed to the plaintiffs, if said judgment be not satisfied. 2 Story Eq. Jur., sec. 1233; *Bank v. Creswell*, 100 U. S., 630; *Clowes v. Dickenson*, 5 Johns. Ch. Rep., star page 235. The judgment of the Court below is full and explicit in detail, and is

Affirmed.

### PLAINTIFFS' APPEAL IN SAME CASE.

FURCHES, C. J. The matters involved in this appeal have been considered and disposed of in the defendants' appeal in the same case.

Affirmed.